Ressler v. Life Insurance Co.

HANNAH RESSLER *et al. v.* FIDELITY MUTUAL LIFE INSURANCE COMPANY.

110　411
f116　571
h117　57

*(Jackson.　April Term, 1903.)*

1. **LIFE INSURANCE.** Failure to pay premium note avoids policy, when so stipulated in policy.

    A policy of insurance, containing a stipulation to the effect that the nonpayment, at maturity of any premium note, given by the assured, and accepted by the insurer, would forfeit the policy, is rendered void and nonenforceable by the nonpayment of the note at maturity. (*Post, p.* 414.)

    Cases cited and approved: Thompson v. Insurance Company, 104 U. S., 252; Insurance Company v. Pendleton, 112 U. S., 696; Pitt v. Insurance Company, 100 Mass., 500.

2. **SAME.** Failure to pay premium avoids policy, when so stipulated in the note and the receipt therefor, though not so stipulated in the policy.

    Where a policy of insurance contains no stipulation to the effect that nonpayment at maturity of the premium note, given by the assured, and accepted by the insurer, would forfeit the policy, still, where a note, given in payment of the premium, provides that if it be not paid at maturity the policy shall be void, and the receipt given for the note states that it is agreed that a past-due note is not payment, and any obligation given in exchange for the receipt when not paid at maturity, shall render the receipt and policy void, the policy is rendered void and nonenforceable by failure to pay the premium note at maturity. (*Post, pp.* 413-421.)

Cases cited and approved: Klein v. Insurance Company, 104 U. S., 88; Holly v. Insurance Company, 105 N. Y., 437; Insurance Company v. Lewis, 187 U. S., 335; Thompson v. Insurance Company, 104 U. S., 252; Insurance Company v. Pendleton, 112 U. S., 696; Kerns v. Insurance Company, 86 Pa., 171; Insurance Company v. Meyers (Ky.), 59 S. W., 30; Insurance Company v. Pentecost (Ky.), 49 S. W., 425; Gorton v. Insurance Company, 39 Wis., 121.

Cases cited, distinguished and approved: Insurance Company v. Hardie, 37 Kan., 674; McAllister v. Insurance Company, 101 Mass., 558; Insurance Company v. Barracliff, 45 N. J. Law, 543; Fithian v. Insurance Company, 4 Mo. App., 386; Insurance Company v. French, 30 Ohio State, 240.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—F. H. HEISKELL, Chancellor.

HENRY CRAFT and WILKERSON & MCGEHEE, for Ressler *et al.*

R. L. BARTELS, for Insurance Company.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

Ressler v. Life Insurance Co.

On the seventh of December, 1891, the defendant issued its policy of insurance for the sum of $1,000, and for the period of twenty years from its date, upon the life of Daniel N. Ressler. The premiums on the policy were payable on the seventh day of each December. The insured paid all the accruing premiums up to and inclusive of the one due on the seventh day of December, 1899, thus carrying his policy for the next ensuing year. For the premium due on the seventh of December, 1900, he gave his promissory note to the company, payable on the seventh of February, 1901. This note was not paid, nor was the premium that was due on the seventh of December, 1901.

On the twenty-eighth day of December, 1901, the insured died. Soon after his death, a demand was made upon the insurer for blank proofs of loss, which was refused, upon the ground, as asserted by the defendant company, that the policy had lapsed and was no longer a valid or subsisting contract. The result was the institution of the present suit.

The ground upon which payment is resisted is that the note given for the premium due in December, 1900, contained a provision that, in the event it was not paid at maturity, the policy in question "should be *ipso facto* null and void, without notice to the maker and without any act on the part of the company," and should "remain so until reinstated as provided by its terms."

Contemporaneous with the making and acceptance of this note, a receipt was given to the assured, upon the

face of which was marginally printed the following words: "Notice to Policy Holders: . . . It is understood and agreed that a protested check, or past-due note or obligation of any kind, is not payment, and that any obligation given in exchange for this receipt, when dishonored or not paid at maturity, shall render the receipt and said policy absolutely void." It is conceded by the solicitors of the complainants that, had the policy contained a stipulation to the effect that the nonpayment at maturity of any note given by the assured and accepted by the company would forfeit the policy, then this defense would be maintainable. That this is true is well settled by the authorities. *Thompson* v. *Insurance Co.,* 104 U. S., 252, 26 L. Ed., 765; *Insurance Co.* v. *Pendleton,* 112 U. S., 696, 5 Sup. Ct., 314, 28 L. Ed., 866; *Pitt* v. *Insurance Co.,* 100 Mass., 500. But, as it contains no such stipulation, it is insisted that its absence or omission manifests the intention of the company to keep the policy alive, upon receiving payment of the premium by note, and that the courts will not permit this intention to be defeated by an inconsistent condition subsequent contained in the note, a mere collateral agreement.

As to this insistence it may be said, in a general way, that promptness in the payment of premiums is essential to the success of an insurance company. To the fund derived from premiums the company must look to meet expenses incurred in its operation, and to the creation of a reserve to be held for payment of losses when.

Ressler v. Life Insurance Co.

they occur.   No company could remain long solvent, if the rights of the policy holder were preserved for him notwithstanding his delinquency, and the insurer be left to recover the premium due, through the tedious process of the courts, with the risk of encountering an insolvent debtor after judgment.   To enforce promptness, clauses of forfeiture, under some form or other, are usually found in contracts of insurance; and these clauses are enforced by the courts, unless in some way waived by ths insurer.

As was said in *Klein* v. *New York Ins. Co.,* 104 U. S., 88, 26 L. Ed., 662, "If the assured can neglect payment at maturity, and yet suffer no loss or forfeiture, premiums will not be punctually paid.   .   .   .   The provision, therefore, for the release of the company from liability on a failure of the insured to pay the premiums when due, is of the very essence and substance of the contract of life insurance.   To hold the company to its promise to pay the insurance, notwithstanding the default of the assured in making the payment of the premium, is to destroy the very substance of the contract."

It is difficult, if not impossible, to see why this clause providing for forfeiture, when found in the policy, should be enforced, and not a similar provision in a note for the premium, which, waiving its strict right to demand payment in cash, for the accommodation of the policy holder, it receives and thus indulges him by an extension of time.

For the extension of time, as well as the premium due, furnishes the consideration of the note.

Such a transaction is as if the policy holder should say to the company that he was unable to pay promptly, but desired indulgence in order to save his insurance, and the company replied that indulgence would be given and his note would be accepted, upon the condition, however, that a forfeiture would be declared if the note was not paid at maturity. Upon an acceptance of this proposition, a note is executed containing the condition, and a receipt is given to the assured, calling his attention to the necessity of strict payment in order to avoid forfeiture of his policy. In such a case, it would seem that the policy, the note, and the receipt were all to be looked to, to ascertain the agreement of the parties, and that, questions of waiver out of the way, the courts would enforce a forfeiture for nonpayment as stringently as where the policy by itself, or together with the note, stipulated for such a result.

It may be granted, however, that there are cases relied on by complainants which give some color, but, upon examination, no substantial support, as we think, to their contention.

Among them is that of *Dwelling House Ins. Co.* v. *Hardie,* 37 Kan., 674, 16 Pac., 92. In the note accepted for the premium in that case, the condition was that upon a failure to pay when due the risk should cease and determine, as "provided in the policy." The company defended upon the ground that, as the note was

not paid at maturity, the rights of the assured were for-
feited.   The facts were that after the loss occurred, as
well as after its maturity, the assured paid the note to
an agent of the insurance company authorized to receive
payment.   While there are some general expressions in
the opinion which warrant the contention of the appel-
lants, yet we think there was no purpose to announce
any such general rule as is now insisted on; but its au-
thority is to be confined to the facts of the case.   The
court makes the case turn upon the peculiarity of the
phrase, contained in the note, that upon the failure to
pay this obligation the risk should determine "as pro-
vided in the policy," coupled with the failure of the pol-
icy to provide for such determination.

The court said:   "The policy took effect upon the re-
ceipt and acceptance of the note.   .   .   .   It was com-
petent for the parties to pay and accept payment of the
premium in the form of a note, and this appears to have
been done.   This purpose was also evinced by the com-
pany in the collection of the note.   The bank was its
agent for collection, and the note had matured some time
before the collection was made.   Instead of- .   .   .
declaring the policy at an end when default was made,
and collecting such portion of the premium as the com-
pany regarded to have been earned, it allowed the note
to run, and then collected the entire amount of principal
and interest."

We think the case of *McAllister* v. *New England Mut.*

110 Tenn—27

*Life Ins. Co.,* 101 Mass., 558, 3 Am. Rep., 404, when ex-
amined, gives even less warrant to this contention.
There the premium was paid, part in cash and the bal-
ance by the execution of two notes by the assured, one
due in six months and the other in five years from date.
Neither the policy nor the six-months' note provided for
a forfeiture upon the nonpayment of this note. The
note at five years did. The first note was not paid, and
the assured died before the next annual premium ac-
crued. Unquestionably the court was right in holding
that under this state of facts the rule of the forfeiture
could not be invoked.

*Trade Ins. Co.* v. *Barracliff,* 45 N. J. Law, 543, 46 Am.
Rep., 792, and *Fithian* v. *N. W. L. Ins. Co.,* 4 Mo. App.,
386, were determined upon their peculiar facts, and
therefore cannot be taken as authority by complainants.

The case of *Mut. Life Ins. Company* v. *French,* 30
Ohio St., 240, 27 Am. Rep., 443, adopting the view that
a distinction was to be made between a policy which pro-
vided for a forfeiture upon nonpayment of a note given
for a premium and one which did not, held in the latter
case, where the stipulation was found alone in the note,
that while the policy was not *ipso facto* void upon the
failure to pay such note, yet the insurer could avoid it
by giving distinct notice to the assured that he claimed
such a forfeiture. This case, it will be seen, required
an affirmative act to make the forfeiture complete.

If this were held to be sound, the defendant com-
pany here could maintain its defense, for it gave notice

to the assured of the lapse of his policy by reason of his neglect to pay his note, and urged him to undergo a medical examination and reinstate himself as a policy holder according to the condition of his policy. To the letter containing this notice he made no reply.

But we do not think either view is sound. On reason and authority, we hold the policy in this case void, and the rights of the assured absolutely ended when his note matured and was unpaid.

*Holly* v. *Mutual Life Ins. Co.,* 105 N. Y., 437, 11 N. E., 507, involved a policy which provided that after three annual premiums had been paid, should the assured fail in any payment thereafter, upon a surrender of the policy within thirty days after such unpaid premiums came due, the company would issue a paid-up policy for the premiums paid. In that case, the assured paid more than three annual premiums and then defaulted. The defendant company, however, accepted his note for the premium due, which contained this clause: "All claims to future insurance and all benefits whatever which full payments in cash of said premium would have secured, shall become immediately void and be forfeited . . . if this note is not paid at maturity." The note, not being paid when due, was renewed. This second note, with a similar condition, matured and was not paid. Afterwards the assured offered to pay it, but the company declined to accept payment, claiming the policy was forfeited. Action was then brought to compel the company to issue a paid-up policy; but the court

held that, upon the failure to pay the note, the forfeiture of the policy at once attached, and the assured lost all right to any further insurance.

In *Iowa Life Ins. Co. v. Lewis*, 187 U. S., 335, 23 Sup. Ct., 126, 47 L. Ed., —, the supreme court of the United States has had occasion to examine this question and the cases theretofore decided by that court, including those of *Thompson v. Insurance Co.*, 104 U. S., 252, 26 L. Ed., 765, and *Insurance Co. v. Pendleton*, 112 U. S., 696, 5 Sup. Ct., 314, 28 L. Ed., 866, relied on by appellants in this case, and its conclusions are found in the syllabi, as follows: "(1) A notice, on the back of a premium receipt, that, if a note is given for payment of premium and is not paid at maturity, the policy shall determine, constitutes a part of the contract of insurance, where such receipt states on its face that it is subject to the terms of the contract and the conditions on the back, which the assured is directed to read. (2) A policy of life insurance is forfeited, without any affirmative action on the part of the insurance company, by the failure to pay at maturity a note given for the payment of the premium, which was accepted on condition that, if not paid at maturity, the policy shall cease and determine."

In line with these cases are those of *Kerns v. New Jersey Mut., etc., Company*, 86 Pa., 171, *Insurance Co. v. Myers*, 59 S. W., 30, *Insurance Co. v. Pentecost*, 49 S. W., 425 (those last two cases having been decided by the Supreme Court of Kentucky), and *Gorton v. Insurance Co.*, 39 Wis., 121.

Ressler v. Life Insurance Co.

There being no waiver in the case at bar, we are satisfied that all the rights of the assured ceased by and upon failure to pay his note. This renders it unnecessary for us to consider other questions discussed.

The result is that the decree of the chancellor, dismissing the bill, is affirmed, with costs.