*Robert S. Howard,* contra.

---

## BANK OF COMMERCE v. NEW YORK LIFE INSURANCE COMPANY.

1. A stipulation in an insurance policy, that "a grace of one month, during which the policy remains in full force, will be allowed in payment of all premiums except the first, subject to an interest charge at the rate of five per cent. per annum," does not provide a grace of one month in the payment of a note given for a past-due premium.

2. The acceptance of a part of a premium due in cash, and for the balance a promissory note which contains a stipulation that it is payable without grace, and that "all claims to further insurance, and all benefits whatever, which full payment in cash of said premium would have secured, shall become immediately void and be forfeited to the New York Life Insurance Company, if this note is not paid at maturity, except as otherwise provided in the policy itself," will not operate to give the holder of the policy the benefit of an extension of the contract of insurance, provided by its terms, when the policy stipulates that such extension is to be effected by the payment of premiums, where the note itself is not paid at maturity.

3. The acceptance by a general agent of the amount due upon a premium note, after the maturity of the note, is not a waiver of the forfeiture of the policy, when it is clear that the money so accepted was being held pending the furnishing of a health certificate by the insured upon an invitation by the company to reinstate his policy. Nor would such agent have authority to waive the forfeiture, where there was a provision in the policy that a waiver would be effective only when made by certain officers of the company.

4. An agreement by the insurance company to notify an assignee of a policy of the maturity of all premiums upon said policy as they become due, is not an agreement to notify the assignee of the maturity of a note given by the assignor for a past-due premium, prior to the assignment of his policy.

Argued March 1,—Decided May 18, 1906.

Action on insurance policy. Before Judge Littlejohn. Sumter superior court. February 24, 1905.

The Bank of Commerce brought suit against the New York Life Insurance Company, and alleged: On August 28, 1900, the company issued a policy of insurance for $2,000, upon the life of John H. Kleckley. On November 21, 1901, Kleckley transferred and assigned the policy, for value, to the petitioner. It is provided in the contract of insurance that "A grace of one month, during which the policy remains in full force, will be allowed in payment of all premiums except the first, subject to an interest charge at the rate of five per cent. per annum." Petitioner, on September 23, 1902, tendered to the agent of the company, in cash, the amount of the premium due August 24, 1902. The tender was refused. On November 30, 1903, the insured died, and petitioner furnished proofs of death as provided in the policy. The insurance company refused payment. The answer of the defendant presented the following material facts: The first premium was paid in cash. The second annual premium was due August 24, 1901, and the insured, representing that he was unable to pay the full amount due, upon that date or within thirty days allowed as grace, the defendant company accepted $21 in cash, and for the balance of the premium took the note of the insured, due five months after date, which contained the stipulation that said note continued the policy in force until the date of its maturity, January 24, 1902, and that. "all claims to further insurance, and all benefits whatever, which full payment in cash of said premium would have secured, shall become immediately void and be forfeited to the New York Life Insurance Company if this note is not paid at maturity, except as otherwise provided in the policy itself." The note was not paid at maturity. Shortly afterwards tender was made of the amount so due, and accepted by the company "in suspense," it having notified Kleckley that it would reinstate his policy, on a health certificate being furnished by him. Kleckley never furnished the health certificate, and the policy was forfeited.

The court directed a verdict for the plaintiff for the full amount of the policy and interest. The defendant moved for a new trial, and, after a hearing, the court passed an order reciting: "The record discloses that there was no material conflict in the testimony, and that the case presented only a question of law for the court. . . It is the opinion of the court that, under the facts of this case, the plaintiff is not entitled to recover, and therefore a new

trial is hereby granted." To this judgment the plaintiff excepted.

*W. P. Wallis,* for plaintiff. *E. A. Hawkins,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.) The policy of insurance provides that one month's grace shall be allowed for the payment of premiums after the date of their maturity. When the second annual premium became due, the insured, being unable to pay the full amount, paid $21 in cash, and gave his note for the balance, due five months after date. The note provided, "Without grace, five months after date, I promise to pay," etc., and further provided, that "all benefits whatever, which full payment in cash of said premium would have secured, shall become immediately void and be forfeited to the New York Life Insurance Company, if this note is not paid at maturity, except as otherwise provided in the policy itself." The note was not paid when due, but a tender of the amount was made within thirty days after the maturity of the note. It is the contention of the plaintiff that the stipulation for one month's grace in the payment of premiums, contained in the policy, applied to the payment of this note. We think this contention is clearly contrary to the intent of the policy and the note. The insured was not only given his one month's grace, but really an extension of five months for a portion of his premium, and there was no stipulation that he should be entitled to any further extension of time. The note specifically provides that it shall be paid on the date of maturity, without grace, and the clause "except as otherwise provided in the policy itself" does not relieve it of this condition. The policy and the note should be construed together; and it would be a violent construction which would hold that when the company, in lieu of the one month's grace, accepted the note without other consideration and extended the grace to five months, it further bound itself to an additional month's grace, in plain contradiction to the very terms of the note itself.

The policy of insurance also contained the following stipulation: "This policy is automatically non-forfeitable from date of issue, as follows: First.—If any premium is not duly paid, and if there is no indebtedness to the company, this policy will be endorsed for the amount of paid-up insurance specified in the table on the second page hereof, on written request therefor within six months from the date to which premiums were duly paid. If no such request is made, the insurance will automatically continue from said date

for $2,000 for the term specified in said table and no longer."
That portion of the table referred to in the above applicable to the
facts of this case is as follows: "Table of cash loans and of paid-up
or continued insurance. (The cash loans and paid-up insurance
stated below apply to a policy of $1,000; but this policy is for
$2,000, and the cash loan or paid-up insurance available in any
year will be two times the amount stated in the table below for
that year. . . After expiration of two years—Cash loans $44;
Paid-up insurance $48; $2,000 insurance continued for one year
and 6 months." The policy had no cash loan or paid-up insur-
ance value until after the expiration of two years. After the ex-
piration of one year it had a continued insurance period of two
months. The premium due August 24, 1901, if paid, would have
caused the policy to continue in force two years; and by the non-
forfeitable clause above set out, the policy would have had a further
life of one year and six months without payment by the insured
of any further premiums, thus making the policy of full force until
February 24, 1904. As the insured died before this date, the com-
pany would then have been liable upon the policy. It is one con-
tention of the plaintiff that the acceptance by the defendant com-
pany of $21 in cash, and a note due in five months for the balance
of the second year's premium, constituted a payment of this prem-
ium, and thus extended the policy until February 24, 1904. We do
not think that this was such a payment as would automatically
continue the policy. The first non-forfeitable clause begins with
the provision, "If there is no indebtedness to the company;" and
the plaintiff does not comply with that condition. The acceptance
of a note is not generally payment, unless the note itself is paid
at maturity. Civil Code, § 3720. And the terms of this note evi-
dently did not contemplate that it should be treated in all respects
as a cash payment. The fact that $21 was paid in cash upon the
premium did not operate to extend the policy, there being in the
contract nothing declaring that a payment of a part of an annual
premium should give a continuation period proportioned to the
fraction of the premium paid. It is expressly provided in the note
itself that unless paid when due, "all claims to further insurance,
and all benefits whatever, which full payment in cash of said prem-
ium would have secured, shall become immediately void and be
forfeited . . , except as otherwise provided in the policy itself."

The validity of this contract can not be successfully questioned. It did not undertake to destroy any existing right of the beneficiary under the policy. The extension of time was a favor, not a right, and the allowance of additional time for payment of a premium beyond its maturity did not operate to confer still further rights in spite of the terms of the extension. It is contended by plaintiff that the last clause in the note,—"except as otherwise provided in the policy itself," refers to the non-forfeitable provisions and automatic continuation of the policy. But the automatic extension which the insured was entitled to claim under the clause of the policy quoted was an extension based on the annual premiums actually paid in full. Only one had been paid. This entitled him to an extension of two months, which had expired before his death.

The policy also contains a provision, under the statement that it is automatically non-forfeitable, as follows: "If any premium or interest is not duly paid, and if there is an indebtedness to the company, this policy will be endorsed for such amount of paid-up insurance as any excess of the reserve held by the company over such indebtedness will purchase according to the company's present published table of single premiums, on written request therefor within six months from the date to which premiums were duly paid. If no such request for paid-up insurance is made, the net amount that would have been payable as a death-claim on the date to which premiums were duly paid will automatically continue as term insurance from such date, for such time as said excess of the reserve will purchase according to the company's present published table of single premiums for term insurance, and no longer." It does not appear that any request for paid-up insurance was made under this provision, or that there was such an excess of the reserve as would purchase, according to the company's table of single premiums for term insurance, an extension of a net amount which would have been payable as a death claim on the date to which the premiums were duly paid, for a time extending beyond the death of the insured. On the subject of such notes and policies, see Holly *v.* Metropolitan Life Ins. Co., 105 N. Y. 437; Ressler *v.* Fidelity. Mut. Life Ins. Co., 110 Tenn. 411, 75 S. W. 735; New York Life Ins. Co. *v.* Warren, 75 S. W. 234; New York Life Ins. Co. *v.* Meinken's admr., 80 S. W. 175; Manhattan Life Ins. Co. *v.* Pentecost, 49 S. W. 425; Sharpe *v.* New York Life Ins. Co., 98 N. W. 66.

It was further contended that the acceptance by the general agent of the defendant of the amount due upon the note, after its maturity, was a waiver of the forfeiture of the policy. The insured, after the maturity of the note, sent to the general agent of the company at Macon a certificate of deposit upon the Bank of Southwestern Georgia. The evidence for the defendant company makes it clear that this certificate was collected, and held "in suspense" by the general agent, pending the receipt of a health certificate from the insured for the purpose of reinstating his policy. This was not such a receipt of the amount as would constitute a waiver of the conditions of the note and the policy. And even if it could be so construed, the general agent had no authority to make such a waiver. The policy provides that "Only the President, a Vice-President, the Actuary, or the Secretary has power in behalf of the company . . to extend the time for paying any premium." The waiver claimed is in effect an extension of time for the paying of the premium, and is clearly contrary to the above provision. Had the general agent specifically agreed to so extend the time, it would not be binding upon the company. *Hutson* v. *Prudential Ins. Co.,* 122 *Ga.* 847. Under this view the fact that the general agent repaid the money to Kleckley, after the assignment of the policy to the petitioner and without its knowledge or consent, becomes immaterial, and it is not necessary to rule upon the questions raised upon this fact.

Subsequently to the giving of the note by the insured in part payment of the second annual premium, he assigned his policy to the Bank of Commerce, the petitioner in the present case. Notice of this assignment was sent the company, acknowledged by it, and in a letter signed by the secretary of the company appears the following: "Notice of premiums will be sent to you from time to time as the premiums fall due." No notice was sent to the Bank of Commerce of the maturity of the note given by Kleckley for part of his second premium. It is claimed that the failure of the company to send the bank such a notice will prevent a forfeiture of the policy for the non-payment of the note. There was evidence tending to show a custom on the part of the company to send policy-holders notices of the dates on which premiums fell due, as well as evidence that the company had agreed to send such notices to the plaintiff as assignee of the policy. There was some slight

evidence that the custom referred to applied also to premium notes. There was no evidence whatever that the company had agreed to send to the insured or his assignee notices of the maturity of premium notes, even if it had sent such notices to other persons. If such custom existed as to other persons, it is clear, from the terms of the policy and the note, that the company's liability on the policy was not to be affected by the existence of this custom. There was no hint in either paper of such a custom. There is in each paper clear indication that such custom, if prevailing at all, was not to apply to the insured. According to the policy the premium must be paid when due, or within the month of grace, else the company's liability is limited to the paid-up insurance or extended insurance provided for in the policy. According to the note it must be paid when due, else the company's liability would be limited in the manner above indicated. See, in this connection, *Haupt* v. *Phœnix Life Ins. Co.*, 110 *Ga.* 149.

While we have under review the first grant of a new trial, it is contended by counsel for plaintiff in error that under the law and the facts of the case the verdict was demanded. This discussion has been absolutely essential to the proper determination of this contention. The law and the facts did not demand the verdict. The new trial was properly granted.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Cobb, P. J., and Evans, J., disqualified.*