[Civil No. 1313.    Filed January 14, 1914.]

[137 Pac. 869.]

OCCIDENTAL LIFE INSURANCE COMPANY, a Corporation, Appellant, v. ALBERTA JACOBSON, Appellee.

1. INSURANCE—PAYMENT OF PREMIUMS—PREMIUM NOTES.—If the policy or notes provide for forfeiture for nonpayment of premium notes, and such provision is not waived, the giving of a note does not operate as a payment of the premium, but merely postpones the time for payment.

2. INSURANCE—FORFEITURE FOR NONPAYMENT—WAIVER OF FORFEITURE. Where a policy provided that upon failure to pay a premium note when due, the policy should become void without action by the company, the company, by accepting a payment of interest after a premium note was due, and also a payment of one-half the principal of the note, waived the provision for forfeiture.

3. WORDS AND PHRASES—"WAIVER."—"Waiver" occurs when one having a right conferred by law or contract, with full knowledge of the material facts, does, or forbears to do, something inconsistent with the existence of the right, or of his intention to rely on it.

4. INSURANCE—FORFEITURE FOR NONPAYMENT—WAIVER.—A forfeiture clause in an insurance policy for nonpayment of premiums may be waived by the insurer.

5. INSURANCE—FORFEITURES—POLICY OF LAW.—The law does not favor forfeitures, and courts readily seize upon the opportunity to bring about a waiver of a forfeiture provision in an insurance policy by placing a liberal construction upon the acts of the insurer, if such construction is demanded by justice, and not repugnant to law.

[As to waiver of conditions in insurance policy requiring waivers to be indorsed in writing, see note in 107 Am. St. Rep. 99. As to waiver of forfeitures in insurance cases, see note in 9 Am. St. Rep. 236.]

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Alonzo B. McMillen and Messrs. Chalmers & Kent, for Appellant.

Mr. Chas. Woolf, for Appellee.

FRANKLIN, C. J.—The plaintiff is the beneficiary under a policy of life insurance issued by the defendant on the life of her husband, Chris Jacobson, who died on April 11, 1912. By the terms of the policy the deceased was required to pay a premium in the sum of $155.50 in advance for one year's insurance, from the second day of November, 1909, and the further payment of a like amount on or before the second day of November of each year until twenty annual premiums had been paid. The policy further provided that upon failure to pay a premium on or before the date when due, or upon the failure to pay any premium note when due, the policy should become null and void, without any action or notice by the company. The policy also recites that thirty days' grace will be allowed for the payment of a renewal premium, on which interest will be charged at the rate of five per cent per annum, for the time during which the premium remains due and unpaid. The first and second annual premiums were duly paid by the deceased. A promissory note was made and delivered by the deceased to the defendant company in words and figures as follows:

"$155.50            Phoenix, Ariz., October 31, 1911.

"On the second day of February, 1912, without grace, I promise to pay to the order of the Occidental Life Insurance Company, of Albuquerque, N. M., at its office in Albuquerque, N. M., the sum of one hundred fifty-five and 50/100 dollars with interest at the rate of eight per cent per annum from December 2d, 1911. This note is given for the annual premium due November 2d, 1911, on policy No. 1708, issued by the Occidental Life Insurance Company on the life of Chris Jacobson.

"[Signed] CHRIS. JACOBSON.

"Address R. F. D. No. 1, Tempe, Arizona."

After said note became due and payable, and on the sixth day of February, 1912, the deceased paid to the insurance company the sum of $79.80 on account of the interest and principal. This sum was credited on the note by the company as follows: "Credited 2.05 interest to Feb. 2, 1912. Paid $77.75 on principal." No other amount whatever had been paid on account of the note when the insured died on April 11, 1912. The lower court rendered its judgment on

the pleadings, and we have culled the foregoing facts from the pleadings as pertinent to a decision of the cause.

We have examined other criticisms made by appellant, but their application, in our opinion, would result in giving weight to the shadow rather than the substance of the case, and we shall confine ourselves to a solution of those questions only upon which the merits of the case must be ultimately decided, and the judgment of the lower court affirmed or reversed.

It is argued by defendant that the note did not constitute a payment of the premium, and, the payment of the premium being in arrears at the time the insured died, that by the terms of the policy it became null and void, and was therefore not in force and effect. The plaintiff contends that the note was a payment of the annual premium due on the second day of November, 1911, but, granting that the note did not constitute such payment, that the defendant company, by accepting a partial payment on the note after it became due and the forfeiture provision of the policy was in force, thereby waived such forfeiture provision of the policy, and so the policy was in full force at the time of the death of the insured.

Where a forfeiture for the nonpayment of premium notes is provided for, either in the policy or the note, and the facts do not show any subsequent agreement or conduct which amount to a waiver of such provision by the insurer, the giving of the note must be regarded as merely postponing the time for the payment, and not as a payment of the premium. *Thompson* v. *Insurance Co.*, 104 U. S. 259, 26 L. Ed. 765; *Iowa Life Ins. Co.* v. *Lewis*, 187 U. S. 335, 47 L. Ed. 204, 23 Sup. Ct. Rep. 126; *Leeper* v. *Franklin Life Ins. Co.*, 93 Mo. App. 602, 67 S. W. 941; *Union Cent. Life Ins. Co.* v. *Wilkes,* 92 Tex. 468, 49 S. W. 1038; *Fidelity Mut. Life Ins. Co.* v. *Price*, 117 Ky. 25, 77 S. W. 384; 25 Cyc. 826.

Under the facts of this case the note cannot be regarded as a payment of the premium. But what took place after the maturity of the note? The day for its payment came and went, and the condition upon which the policy "shall become null and void without any action or notice by the company, and all rights shall be forfeited to the company, except as to the options herein stated" occurred. While

such forfeiture clause of the policy was in force by reason of a failure to pay the premium note, the insured paid, and the company accepted, $2.05 in payment of the interest to February 2, 1912, and $77.75 on account of the principal, the amount paid being one-half of the principal of the note and a part of the interest.

"Waiver is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it." *Smiley* v. *Barker,* 83 Fed. 684, 28 C. C. A. 9.

But, says the defendant, there is nothing inconsistent with accepting this payment on the note and insisting on the right of forfeiture; that it could well have been the intention of the parties at the time such payment was made that the insured should renew the policy under the thirty-day option clause. But the answer to this is that the facts disclose that the payment was not accepted under the renewal clause, or for any purpose other than a payment on account of the premium note. The payment was so accepted and credited by the company, and no act or word of the insurer indicated anything else.

A forfeiture clause may be waived because "a party always has the option to waive a condition or stipulation made in his own favor." *Insurance Co.* v. *Norton,* 96 U. S. 234, 24 L. Ed. 689.

We think the conduct of the defendant clearly indicated an intention upon its part not to insist upon the forfeiture provision in the policy, and that the insured at the time he made the payment on the note was led to believe that the company did waive the same, so it is estopped from claiming a forfeiture now.

Forfeitures are not favorites of the law. Courts are not slow in causes of this character to seize upon an opportunity whereby a liberal construction placed upon the acts of the insurer will bring about a waiver of a forfeiture provision placed in the contract of insurance for its benefit, if such a construction is demanded by the justice of the case, and is not repugnant to the law. The justice of this case does demand that we declare the forfeiture provision was waived by

the insurer. The policy was therefore in force when the insured died, and the appellee was entitled to recover the amount due thereon.

Judgment affirmed.

CUNNINGHAM and ROSS, JJ., concur.