7109.  DUNN, adm'r, *v.* COLUMBIAN NATIONAL LIFE
INSURANCE COMPANY.

HODGES, J.  1.  The secretary of the insurance company testified: "It is the universal rule to send to the insured, when a policy has been cancelled on the books, a notice of lapse, on a blank form.  No record is kept of sending such notices, because it is the universal custom of my office to do so, I have no doubt but that a lapse notice was sent to George E. Wallace [the insured] at the same time, May 20, 1913."  On objection to this testimony, on the ground that "it was not competent to show what was the rule or custom" in sending out such notices, and that the defendant "could only show that such notice had been actually sent to the insured," the trial judge ruled out "the expression as to the practice," and allowed the other part of the testimony to remain in, "subject to be connected up."  This ruling is not a sufficient ground for a new trial.  Another witness testified that the insured said to him: "I have received a notice of cancellation from the office."  This also made the blank lapse notice admissible.

2.  If it was error for the court to admit in evidence the testimony with reference to the so-called Wallace notes, on account of the failure to prove the execution of the same, it was harmless error, under the facts in the case.

3.  The policy sued on provided that it should be incontestable after one year from its date of issue, "except for non-payment of premium," etc.  A premium fell due and was unpaid, and certain notes for this pre-

mium were given by the insured, each providing that it was "given with the full knowledge and intent . . that if it is not paid when due, without grace, said policy shall, without further notice, become void, and the insurance thereby terminate as of the date to which premiums have been paid in cash, subject to the conditions therein relating to surrender value." One of these notes was not paid, and the company unequivocally cancelled the policy, giving the insured notice of the cancellation, in which he acquiesced, saying that he knew he had to do something like being re-examined before reinstatement. The company retained the notes, but made no effort to collect. The policy provided that no modification of the insurance contract should be made except over the signature of the president or the secretary; and no such modification was shown. The court did not err in directing a verdict for the company. Shapre v. New York Life Ins. Co., 98 N. W. 66; Klein v. New York Life Ins. Co., 104 U. S. 88 (26 L. ed. 662); Iowa Life Ins. Co. v. Lewis, 187 U. S. 335 (23 'Sup. Ct. 126, 47 L. ed. 204); Bank of Commerce v. New York Life Ins. Co., 125 Ga. 552, 554 (54 S. E. 643); Hipp v. Fidelity Insurance Co., 128 Ga. 491 (57 S. E. 892, 12 L. R. A. (N. S.) 319). These authorities bear precisely upon the question now decided, and, in the light thereof, and since the decisions of the Supreme Court of this State are binding as precedents upon this court, the ruling in the case of Arnold v. Empire &c. Insurance Co., 3 Ga. App. 685 (60 S. E. 470), so far as it conflicts with the principle laid down in Bank of Commerce v. New York Life Ins. Co., and Hipp v. Fidelity Ins. Co., supra, will not be followed. *Judgment affirmed.*

DECIDED JULY 6, 1916.

Action on insurance policy; from city court of Atlanta—Judge Reid. September 27, 1915.

*Walter R. Daley, Hines & Jordan,* for plaintiff.

*Colquitt & Conyers,* for defendant.