## STATE LIFE INSURANCE COMPANY OF INDIANAPOLIS
### *v.* TYLER, administrator.

1. A contract of life insurance, as expressed in the policy issued by a company to an individual, may be supplemented by a subsequent contract between the parties, expressed in a promissory note given by the insured to the insurer for a premium on the policy and providing for a termination of all rights under the policy for non-payment of the note, although the policy contain no such provision.

2. A participating life-insurance policy provided for payment of premiums in cash annually in advance, and that non-payment of any premium when due, or within a specified period of grace, should cause the policy to cease and terminate, except as elsewhere provided in the policy. It also provided that non-payment at maturity of any note or other obligation that might be accepted for the first premium should render the policy null and void, but contained no such stipulation or reference to the taking of notes for other premiums. On the basis of the reserve value of the policy, another clause provided that after premiums had been paid for two years, if the insured should default in the payment of a premium he should have, at the time of the default or within the period of grace thereafter, one of several options, the first being the right to extended non-participating insurance without cash value for the full amount of the policy for a limited period; and if the insured should fail to declare an election between the options, the first should apply and the others would be considered waived. The premiums were duly paid for two years. The third premium was not paid in cash, but at the time it was payable the company accepted the non-negotiable promissory note of the insured for the amount of the premium, the note being payable six months after date. The note contained the further clause: "I understand and hereby agree that neither this note, nor any extension thereof, is given or accepted as a payment of said premium. And I agree that the non-payment of this note, or any extension thereof, at maturity, shall ipso facto lapse said policy, and there will be due the proportionate part of the face of this note, with interest, that the time from the date to the maturity of this note, or any extension thereof, bears to the whole time covered by said premium. I also agree that upon non-payment of this note, or any extension thereof, if said policy should have any reserve value, the company may charge the proportionate part of this note, or any extension thereof, that may be due as above provided, against such reserve value, and any extended insurance value it may have shall be accordingly reduced." The company duly issued a receipt for the note, which contained a clause to the effect that the policy "is continued in force until the maturity of said note or any extension thereof. On payment of note on or before maturity the company's regular premium receipt will be delivered to Carey H. Tyler [the insured]. The non-payment of said note, or any extension thereof, at maturity, will ipso facto lapse said policy and terminate all rights thereunder, except as otherwise expressly provided in said note." *Held*, that the stipulation quoted from

the note and assented to in the receipt was supplemental to the original contract expressed in the policy, and was valid. For non-payment of the note, under the terms expressed, the insurer could charge premiums for the time of the note, and in payment thereof deduct from the value of the reserve of the policy and apply any balance of the reserve to extended insurance as provided in the first option in the non-forfeiture clause of the policy, and after the extended insurance was exhausted the company could declare the policy void. Under the circumstances, the company could retain the note as evidence, without losing its right to terminate the policy in the manner indicated.

SEPTEMBER 17, 1917.

Questions certified by Court of Appeals (Case No. 6854).

*Parker & Parker, C. F. Coffin,* and *H. S. McMichael,* for plaintiff in error. *Philip Newbern, Wilson & Bennett,* and *Little, Powell, Smith & Goldstein,* contra.

ATKINSON, J. The Court of Appeals has requested instruction upon certain questions of law, one of which, though expressed in several different ways, relates to one proposition, namely, can a forfeiture of a life-insurance policy be declared on the basis of a provision in a promissory note given for a premium on the policy, declaring that the policy shall be forfeited if the note should not be paid at maturity, the policy itself containing no such provision? This question goes principally to the form of the contract. A contract of life insurance is required by statute in this State to be in writing. Civil Code, §§ 2470, 2499. The statute also provides that "all life and fire insurance policies issued upon the life or property of persons within this State, whether issued by companies organized under the laws of this State or by foreign companies doing business in this State, which contain any reference to the application for insurance, or the constitution, by-laws, or other rules of the company, either as forming part of the policy or contract between the parties thereto, or having any bearing on said contract, shall contain, or have attached to said policy, a correct copy of said application, signed by the applicant, and of the by-laws referred to; and unless so attached and accompanying the policy, no such constitution or by-laws shall be received in evidence, either as part of the policy or as an independent contract, in any controversy between the parties to or interested in the said policy, nor shall such application or by-laws be considered a part of the policy or contract between such parties." Civil Code, § 2471.

This statute is restrictive of the common-law right to contract,

and should be strictly construed. It is in the nature of the statute of frauds, designed for the protection of persons insuring their lives or property, and restricts the right to make parts of the contract of insurance only the things specifically mentioned, viz., "the application for insurance," and the "constitution, by-laws, or other rules of the company." A supplemental contract expressed in a note given by the insured in lieu of a cash premium due under the policy would not be included among these. Upon principle, there is no basis for holding that a contract of life insurance may not be varied or modified by a supplemental and separate contract between the parties. The right to do so was inferentially recognized in *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256 (4) (30 S. E. 918, 42 L. R. A. 261), where it was held: "The giving of a note by the insured for a premium and the acceptance of such note by the insurer as payment for the premium is equivalent to cash payment; and default in the payment of such note at maturity will not work a forfeiture of the policy, *unless it is so expressly stipulated by the parties at the time the note is given and received.*" Also in *Bank of Commerce* v. *N. Y. Life Insurance Co.,* 125 *Ga.* 552-555 (54 S. E. 643), where it was said: "It is expressly provided in the note itself that unless paid when due, 'all claims to further insurance, and all benefits whatever, which full payment in cash of said premium would have secured, shall become immediately void and be forfeited . . . , except as otherwise provided in the policy itself.' The validity of this contract can not be successfully questioned." In *Hipp* v. *Fidelity Insurance Co.,* 128 *Ga.* 491 (57 S. E. 892, 12 L. R. A. (N. S.) 319), it was said: "Both the policy and the notes expressly provided that if any note given for a premium was not paid at maturity, the policy should ipso facto be null and void and should so remain until reinstated or restored in the manner provided. While the taking of the notes in lieu of a prepayment in cash waived such prepayment or postponed the time of payment, it did so on the *terms agreed upon.* It did not operate both to waive the prepayment in cash and also to waive the express terms and conditions on which the postponement of payment was agreed upon. In such a case a failure to pay the notes at maturity would terminate the policy." While reference was made to the fact that the stipulation for forfeiture was contained in "both the policy

and the notes," that language was not a ruling that if the stipulation had been expressed only in the note the forfeiture clause would be void. The real basis of the decision was "the terms agreed upon" for postponement of the time of payment of the premiums. Such was also the basis of similar rulings in the cases of *Sullivan* v. *Connecticut Indemnity Association*, 101 *Ga.* 809 (29 S. E. 41), *National Life Association* v. *Brown*, 103 *Ga.* 382 (29 S. E. 927), *Neal* v. *Gray*, 124 *Ga.* 510 (52 S. E. 622), and *Stephenson* v. *Empire Life Insurance Co.*, 139 *Ga.* 82 (76 S. E. 592). In 25 Cyc. 822, it is said: "By the weight of authority, in the absence of any stipulation with reference to forfeiture for non-payment of a note given for a premium, the premium must be regarded as paid by the note, and default in payment of the note will not forfeit the insurance; but it is otherwise where the forfeiture for non-payment of the premium notes is provided for in the policy, or in the note itself." The author cites decisions from several States, supporting that part of the text referring to forfeiture where the provision is contained only in the note. Among them is the case of Fidelity Mutual Life Insurance Co. v. Price, 117 Ky. 25 (77 S. W. 384). In that State there was a statute requiring the full contract of insurance to be embodied in the policy; and it was held that such a statute did not render invalid a stipulation in a note given for a premium, that default in payment of the note shall render the policy void. A later case is French v. Columbia Life Insurance Co., 80 Oregon, 412 (156 Pac. 1042). In that State there was a statute requiring the whole of a contract of insurance to be expressed in the policy. In the course of the opinion it was said: "It makes no difference whether the policy or the note alone contains the provisions for the forfeiture of the policy if the premium note is not paid." See also Laughlin v. Fidelity Mutual Life Association, 8 Tex. Civ. App. 448 (28 S. W. 411); Hudson v. Knickerbocker Life Insurance Co., 28 N. J. Eq. 167; Ressler v. Fidelity Mutual Life Insurance Co., 110 Tenn., 411 (75 S. W. 735); Baker v. Union Mutual Life Insurance Co., 43 N. Y. 283; Security Life &c. Co. v. Underwood (Tex. Civ. App.), 150 S. W. 293; Sexton v. Greensboro Life Insurance Co., 157 N. C. 142 (72 S. E. 863); New York Life Insurance Co. v. Slocum, 177 Fed. 842 (101 C. C. A. 56); Occidental Life Insurance Co. v. Jacobson, 15 Ariz. 242 (137 Pac. 869). In an elaborate opin-

ion rendered in *Arnold* v. *Empire Mutual Annuity &c. Co.,* 3 *Ga. App.* 685 (60 S. E. 470), views were expressed which were not in accord with the doctrine of the foregoing decisions, but the better view is that a stipulation for a forfeiture of an insurance policy is not void merely because the stipulation is contained in a promissory note given for a premium on the policy and not in the policy itself. Under such circumstances the policy and note should be considered together.

2. The ruling announced in the second headnote requires slight elaboration. Upon the principle applied in the preceding division, the policy, the note, and the receipt issued and received respectively by the same parties are to be considered together. The latter changed the original contract expressed in the policy to the extent specified. When so considered, the validity and effect of the contract as amended are to be considered as if the stipulations introduced by the terms of the note had been contained in the policy originally. The ruling in *Hipp* v. *Fidelity Mutual Life Insurance Co.,* supra, becomes applicable. It was there said: "While the taking of the notes in lieu of a prepayment in cash waived such prepayment or postponed the time of payment, it did so on the terms agreed upon. It did not operate both to waive the prepayment in cash and also to waive the express terms and conditions on which the postponement of payment was agreed upon. In such a case a failure to pay the notes at maturity would terminate the policy;" citing *Bank of Commerce* v. *New York Life Ins. Co.,* supra. In *French* v. *Columbia Life & Trust Co.,* supra, it was said: "If the plaintiff has any rights at all, they are preserved by the notes, and, unless waived, the same provisions which preserve those rights also measure them. It makes no difference whether the policy or the note alone contains the provision for the forfeiture of the policy if the premium note is not paid; in either event the giving of the note is regarded only as a postponement of the time for payment, and not as a payment of the premium; and unless a forfeiture is prevented by a waiver, or is otherwise defeated, a failure to comply with the terms of the notes will terminate the policy." In the cases cited, the rulings were based on the terms of the contract whereby both parties were concluded. Upon like principle it has been held, that where an unconditional note has been accepted as payment of a premium, the insurer will

thereby waive a right of forfeiture of the policy for non-payment of the premium. *Neal* v. *Gray,* supra. But it has not been held that such waiver would result where the note was accepted on the condition of its being paid, and the insurer merely carries out a contract set forth in the note providing for the termination of the insurance. On the contrary, forfeitures of insurance have been upheld on the basis of contracts of the character mentioned. *Sullivan* v. *Conn. Indemnity Association, National Life Association* v. *Brown,* and *Stephenson* v. *Empire Life Ins. Co.,* supra. The contract as expressed in the note declared that the note was not accepted as payment of the premium; and that if paid, the company should then issue its receipt for the premium. The agreement of the parties was to extend the time of payment of the premium, and during that time to maintain the policy in full force; and if payment of the note should be duly made, the policy would be continued of full force as if the premium had been duly paid in the first instance; but if the note was not paid, the policy, having remained of full force, should earn the regular premium for the term of the note and be paid for by charging an earned part of the premium against the reserve value of the policy, and that any balance of the reserve value of the policy should be applied to extended insurance of the character described in the first option given to the insured, and specified under the non-forfeiture clause of the policy. This was a lawful contract, and compliance therewith by the company after default in payment of the note would terminate all rights under the policy. The conditions expressed in the contract are quite similar to those involved in the case of *Bank of Commerce* v. *New York Life Ins. Co.,* supra. Under the terms of this contract when properly construed, if the insured omitted or refused to pay the note on maturity, the note would not be collectible. The only remedy of the insurer would be to apply the reserve value of the policy to payment of premium earned during the term of the note, and grant extended insurance for any balance of the reserve value of the policy, after which all rights under the policy, by the terms of the contract, would cease to exist. Under the circumstances, the mere fact of retaining the note as evidence would not waive, or estop the company from terminating the policy. In this connection, see *French* v. *Columbia Life & Trust*

Co., supra; New York Life Ins. Co. *v.* Evans, 136 Ky. 391 (124 S. W. 376).

*All the Justices concur, except Fish, C. J., absent.*