29203.   METROPOLITAN LIFE INSURANCE CO. *v.*
CALKINS.

DECIDED NOVEMBER 18, 1941.   REHEARING DENIED DECEMBER 1, 1941.

*Smith, Smith & Bloodworth,* for plaintiff in error.

*Joseph S. Crespi,* contra.

GARDNER, J. 1. The defendant in error filed a motion to dismiss the bill of exceptions. There is no merit in this motion.

2. Since the court disallowed the attorney's fees and the claim of penalty, this assignment of error is moot.

3. The only question to be determined is whether, in view of the provisions of the policy with reference thereunder, and the loan certificate, considered together, in the light of the facts of this case, the interest was payable in advance at the premium paying period, or was payable a year thereafter. It will be observed from the

allegations of the petition and the evidence that the loan, to all intents and purposes, was made on February 21, 1937, for the principal sum of $297.82. On the next anniversary, February 21, 1938, nothing was done with reference to the loan, either by the insured or the company. On May 25, 1938, the company wrote the insured sending him a statement to the effect, as shown by No. 7 of the stipulation, that unless $6.68, an amount sufficient to pay the balance of interest in advance to February 21, 1939, was paid within thirty-one days, the policy will be cancelled. Payment was not made, and the company entered a cancellation of the policy. The status thus stood. The insured died November 28, 1939. On February 21, 1938, there was a sufficient loan value to take care of the interest for the first year, but not enough to pay this earned year's interest and a year in advance to the next anniversary of the policy note. On this anniversary, February 21, 1938, which was the beginning of the second anniversary, the company did not demand advance interest, as it had not demanded it in the first instance, when the loan was made. Indeed, there was not a sufficient amount of loan value on the policy to make the principal loan which was made and at the same time pay the interest in advance.

It is true that the provisions of the policy alone may be construed that the company had the right to demand interest in advance when the loan was first made, Feb. 21, 1937, and we do not hold that it could not have done so at a subsequent anniversary date; but, notwithstanding the rights of the company under the policy as to this, the parties had a right, in a supplemental agreement as to this provision of the policy, to change the right as to the time of payment of interest. This same principal was very ably and exhaustively dealt with by Justice Atkinson in *State Life Insurance Co.* v. *Tyler,* 147 *Ga.* 287 (93 S. E. 415). The court was there dealing with a premium note, but we fail to see any difference in principle. The court held: "A contract of life insurance, as expressed in the policy issued by a company to an individual, may be supplemented by a subsequent contract between the parties, expressed in a promissory note given by the insured to the insurer for a premium on the policy and providing for a termination of all rights under the policy for nonpayment of the note, although the policy contain no such provision." By reference to the loan certificate in the case at bar, as above set forth, it will be observed

that it is stated: "Said loan shall bear interest *from the date the loan is granted* at the rate provided in said policy, *payable annually on the anniversary date of the policy*." (Italics ours.) This principle was announced approvingly by this court in *Missouri State Life Insurance Co.* v. *Bozeman, 48 Ga. App.* 640 (173 S. E. 183), in dealing with a question of loan interest. We will discuss this case later. Hence it follows that the time for the payment of interest in the case at bar is to be determined by the loan certificate or supplemental agreement. Under the loan agreement interest was due and payable on the next succeeding anniversary date of the policy following the date of the loan, or on February 21, 1938. On this last date there was a sufficient amount to take care of this past-due interest and thus extend the loan until the next anniversary date, February 21, 1939, under the loan agreement. Thus the loan was extended until February 21, 1939, and the company had no right arbitrarily to give notice and foreclose the policy on May 25, 1938. Such action was null. The company served no notice and demanded no interest as of February 21, 1939, as provided by the loan contract. Hence the policy remained in force and was alive and enforceable on the date of the insured's death, November 28, 1939.

What is said here is not in conflict with the decision announced by this court in *Missouri State Life Insurance Company* v. *Bozeman,* supra. In fact, the principle therein announced is in accord with what is here ruled. In that case the court held that a loan agreement to pay interest in advance was binding and enforceable. The insurance company had foreclosed the policy by giving the notice at the time and in the manner and in accordance with the provisions of the loan agreement. The principle announced in that and in this case is the same; the difference lies in the facts only. In *Missouri State Life Insurance Co.* v. *Bozeman,* supra, the company complied with the provisions of the loan agreement to foreclose the policy, while in the case at bar the company did not do so, but adopted an arbitrary method, foreign to the provision of the loan contract, in an attempt to foreclose it.

*Judgment affirmed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. The controlling question here is whether the policy of insurance sued on was in force on November 28, 1939, the date of the death of the insured. And that question

is dependent on the antecedent question whether, under the provisions of the policy and the terms of the loan contract, the insured was required to pay the interest on the loan *in advance,* on each anniversary date of the policy. Judge Gardner in the majority opinion states, in effect, that *under the provisions of the policy alone* the insured was obligated to pay the interest on the loan annually in advance on the anniversary date of the policy, but that the subsequent loan agreement (which amounted to a supplemental contract) changed that provision of the policy, and provided merely that the interest should be paid annually on the anniversary date of the policy. And he cites *State Life Insurance Co.* v. *Tyler,* 147 *Ga.* 287 (supra), where the first headnote reads as follows: "A contract of life insurance, as expressed in the policy issued by a company to an individual, may be supplemented by a subsequent contract between the parties, expressed in a promissory note given by the insured to the insurer for a premium on the policy and providing for a termination of all rights under the policy for nonpayment of the note, although the policy contain no such provision." In that case the Supreme Court answered the following question certified to it by this court: "Can a forfeiture of a life-insurance policy be declared on the basis of a provision in a promissory note given for a premium on the policy, declaring that the policy shall be forfeited if the note should not be paid at maturity, the policy itself containing no such provision?" It appeared that the policy provided that nonpayment at maturity of any note given for the *first* premium should render the policy void, but contained no stipulation or reference to the taking of notes for *other* premiums. Thus it clearly appears that the note provided for a contingency that was not provided for in the policy, and the Supreme Court held that the stipulation in the note "was supplemental to the original contract expressed in the policy, and was valid." And in that case the Supreme Court said that "under such circumstances the policy and note should be considered together."

The case at bar is somewhat different from the case just discussed. Here, the *policy* clearly and distinctly provides that the interest on the loan should be paid annually *in advance* on the anniversary date of the policy. The loan contract contains no new or additional or contradictory provision in respect to the paying of interest in advance. It merely says that the interest is to be paid

annually on the anniversary date of the policy. The policy says the same thing, but goes further and provides that not only is the interest to be paid annually on the anniversary date of the policy but it must be paid *in advance*. There is no contradiction between the provisions of the policy and those of the loan contract, and obviously the loan contract fails to set up a supplemental contract in that respect as the note in the *Tyler* case, supra, did. The insurance contract and the loan contract were not separate independent contracts, but were as closely interlocked as the "Siamese twins." The loan contract was based upon the insurance contract and did not assume to set forth all the necessary provisions to make it a complete and valid contract. It relied largely upon the provisions of the insurance contract which were not directly referred to in the loan contract, and there was nothing in it to indicate an intent on the part of the insured or the insurer that any provision of the policy should be altered, varied, or modified by the terms of the loan contract. On the contrary, as shown by the stipulations of the parties in this case, the loan obtained by the insured was "secured by an assignment of the policy, and in accordance with the policy's requirements," and one of those requirements was that the interest on the loan was to be paid annually *in advance*. The facts of this case are quite similar to those of *Missouri State Life Insurance Co.* v. *Bozeman,* 48 *Ga. App.* 640 (supra) ; the only difference being that in the *Bozeman* case the charging of interest in advance was stipulated in *both* the policy and the loan contract. And in my opinion that difference under the facts of this case is immaterial. In the *Tyler* case, supra, the court held that since the policy was *silent* on the question there involved, and since the subsequent contract contained a clear and valid stipulation thereon, such stipulation was controlling. Applying that ruling to the facts of the instant case, in order for the insurer to have the right to charge interest in advance it was not necessary for it to insert that stipulation in *both* the policy and the subsequent loan contract. It was only necessary to insert it in either the policy or the loan contract, provided that if inserted in the policy only, the stipulation was not varied or contradicted by any provision in the subsequent loan contract. Here, the policy contained a clearly expressed, valid and unambiguous provision for the payment of interest in advance, and that provision was not varied, added to, or contradicted by any pro-

254

vision of the subsequent contract, that contract being *silent* upon the subject of the payment of interest *in advance.* I think that in principle the decisions in the *Tyler* and *Bozeman* cases are controlling in this case and that a verdict for the insurer was demanded.

ON MOTION FOR REHEARING.

GARDNER, J. It is complained that this court did not specifically pass on the assignment of error regarding the overruling of the general demurrer. The trial court did not err in overruling the general demurrer.

*Rehearing denied. MacIntyre, J., concurs. Broyles, C. J., dissents.*