HENSON *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE CO.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   In reviewing judgment for defendant on directed verdict, Supreme Court must accord full probative value to testimony in behalf of plaintiff.

2. INSURANCE—CONTRACTS.
   Insurance is matter of contract.

3. CONTRACTS—FRAUD.
   Fraud beneficial to party seeking recovery may not be made basis for enforcement of contract.

4. INSURANCE—RECOVERY MAY NOT BE HAD ON BASIS OF AGENT'S FRAUD.
   Where insurance agent inserted false answers in application for policy on life of 10-year old girl, no recovery may be had thereon, although said questions were truthfully answered to agent, since, had application shown real facts, no policy would have issued, and recovery may not be had on basis of agent's fraud.

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 4, 1933. (Docket No. 27, Calendar No. 36,828.) Decided March 1, 1933. Rehearing denied May 16, 1933.

Assumpsit by Roy T. Henson against John Hancock Mutual Life Insurance Company, a corporation, on a policy of life insurance. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Joseph R. Joseph,* for plaintiff.

*Cook, Sheppard & Stipes,* for defendant.

As to effect of agent's insertion in the application of false answers to questions correctly answered by the insured, see annotation in 4 L. R. A. (N. S.) 607; L. R. A. 1915A, 273.

WIEST, J. This is an action on an insurance policy, issued by defendant upon the life of plaintiff's 10-year old daughter, at a time when she was suffering from inflammatory rheumatism and endocarditis, resulting in her death two months later.

Plaintiff claims that his wife signed a blank application for the insurance and fully informed the soliciting agent of the serious illness of the daughter, and the next day when an investigator for the insurance company called she so informed him and received assurance that the policy would be issued. The policy was issued upon an application containing answers directly contrary to the information claimed to have been given the agent. The court directed a verdict in behalf of defendant and we must, therefore, accord full probative value to the testimony in behalf of plaintiff.

A palpable fraud was perpetrated on defendant by its agent. May plaintiff recover on the basis of such fraud? Had the agent stated in the application what plaintiff's wife said about the serious illness of the child no policy would have issued, and, in reason, none should have been expected by plaintiff. Assuming that the agent inserted false answers in order to procure issuance of the policy, can plaintiff, upon a showing that had true answers been inserted reasons against insurance would have been stated, make the fraud of the agent ground for recovery? Insurance is a matter of contract. Fraud, beneficial to a party seeking recovery, cannot be made the basis for enforcement of the contract. This is not a case in which true answers authorized insurance and false answers were inserted by the insurance agent, but a case in which true answers did not authorize insurance, and false answers were inserted by the insurance agent.

*Sprinkle* v. *Knights Templar & Masons' Life Indemnity Co.,* 124 N. C. 405 (32 S. E. 734), was an action on an insurance policy. The applicant there gave true answers to questions and the agent put in false answers. The trial judge instructed the jury:

"If they should find that at the time the insured made application that he informed Parker, the agent of the defendant, that he had had before that time a serious case of measles, grippe, pleurisy and spitting of blood, and that Parker instead of writing truthful answers to the questions concerning the health of the insured, falsified the answers of the insured, then there would be no fraud on the part of the insured; that the knowledge of Parker became the knowledge of the company, and that if the company received the premiums it waived all objection with regard to those matters of which it had implied knowledge."

The court, in holding this error, stated:

"Parker professed to be acting as the agent of defendant, and the law required of him that he should be faithful to his trust and to do no act that would result designedly to the injury of his principal. * * * He must have known that if the company could have knowledge of his conduct it would have repudiated the entire transaction, for according to Jay's evidence, the whole scheme was based on fraud and intended from the start to deceive and to defraud the defendant. Parker was acting entirely against the interest of the company, and for himself or some one else, and by no rule of law could he be the agent of the defendant in such a transaction. The evidence of Jay tended to prove that Parker, the professed agent of the defendant, set deliberately to work to have his principal issue a policy of insurance upon the life of a man who he knew had diseases which

debarred him from the benefits of insurance in defendant company. * * *

"The view of the law which plaintiff's counsel contend that we should take in this case would result in the destruction of all business which is conducted through the means of agency, and in the overturning of one of the chief purposes for which all agencies are allowed to be constituted—the faithful performance of duty by the agent and the protection of the interests of the principal, committed to his charge."

We quote the following from *New York Life Ins. Co.* v. *Fletcher,* 117 U. S. 519 (6 Sup. Ct. 837):

"It is conceded that the statements and representations contained in the answers, as written, of the assured to the questions propounded to him in his application, respecting his past and present health, were material to the risk to be assumed by the company, and that the insurance was made upon the faith of them, and upon his agreement accompanying them that, if they were false in any respect, the policy to be issued upon them should be void. It is sought to meet and overcome the force of this conceded fact by proof that he never made the statements and representations to which his name is signed; that he truthfully answered those questions; that false answers written by an agent of the company were inserted in place of those actually given, and were forwarded with the application to the home office; and it is contended that, such proof being made, the plaintiff is not estopped from recovering. But on the assumption that the fact as to the answers was as stated, and that no further obligation rested upon the assured in connection with the policy, it is not easy to perceive how the company can be precluded from setting up their falsity, or how any rights upon the policy ever accrued to him. It is, of course, not necessary to argue that the agent had no authority from the company to

falsify the answers, or that the assured could acquire no right by virtue of his falsified answers. Both he and the company were deceived by the fraudulent conduct of the agent. The assured was placed in the position of making false representations in order to secure a valuable contract which, upon a truthful report of his condition, could not have been obtained. By them the company was imposed upon and induced to enter into the contract. In such a case, assuming that both parties acted in good faith, justice would require that the contract be canceled and the premiums returned.''

Plaintiff's proofs put him out of court. The judgment is affirmed, with costs to defendant.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.