26666. LANKFORD *v.* STATE LIFE INSURANCE CO.

DECIDED FEBRUARY 11, 1938. REHEARING DENIED MARCH 23, 1938.

632

*W. C. Lankford, Hull, Barrett, Willingham & Towill,* for plaintiff.

*Milton W. Mangus, Kelley & Dickerson,* for defendant.

SUTTON, J. The plaintiffs were not required by law to set forth, as an exhibit, more than the face of the policy. Notwithstanding that the exhibited portions of the policies recite that the

provisions of another page, incorporated by reference in the policies, are to be taken as part of the insurance contract, such additional page is not set forth and can not be considered by this court in passing on the general demurrer. It is clear that the policies provided for payment of premiums in addition to the initial premium, but it is not shown by the record that in the absence of such payments the insurance policies would ipso facto lapse. On this subject it is stated by Mr. Couch in Vol. 3, Cyclopedia of Insurance Law, p. 1994, § 623: "It is the general rule that in the case of life risks the mere non-payment of a premium when due will not of itself operate to effect a lapse or forfeiture, unless it is so agreed, or unless payment is made a condition precedent to the continuance of the contract." In 32 C. J. 1300, § 530, it is stated: "Failure or default in the payment of a premium, or of an assessment, or of a note given in conditional payment of a premium does not, in the absence of a contractual provision, avoid or forfeit a policy of insurance." To the same effect see Haas v. Mutual Life Insurance Co., 84 Neb. 682 (121 N. W. 996, 26 L. R. A. (N. S.) 747, 19 Ann. Cas. 58), following which case in the annotated report are collected many authorities throughout the United States supporting the ruling made; and see also Friend v. Southern States Life Insurance Co., 58 Okla. 448 (160 Pac. 457, L. R. A. 1917B, 208). This general rule was also announced in *Arnold* v. *Empire Mutual &c. Insurance Co.,* 3 *Ga. App.* 685 (60 S. E. 470), and in the second headnote it was held: "The power to forfeit an insurance policy must be 'nominated in the bond.'" In that case where a note had been given for the amount of a due premium, and which note provided for forfeiture of the policy if not paid at maturity, it was ruled that a lapse could not be declared under the mere provision of the note, but that the forfeiture, to be effective, must be provided in the policy itself. In *State Life Insurance Co.* v. *Tyler,* 147 *Ga.* 287 (93 S. E. 415), the Supreme Court disapproved the ruling in the *Arnold* case that the forfeiture could not be availed of unless provided in the policy and held: "A contract of life insurance, as expressed in the policy issued by a company to an individual, may be supplemented by a subsequent contract between the parties, expressed in a promissory note given by the insured to the insurer for a premium on the policy and providing for a termination of all rights under the

policy for non-payment of the note, although the policy contain no such provision."

The policies in the present case recite that annual premiums are required in addition to the initial payment, but it is well settled that the payment of a premium is a condition subsequent unless by contract made a condition precedent. It does not appear from the record here that the payment of premiums was made a condition precedent. Counsel for the defendant in error point out that the notes in the present case contained the same provision as the one under consideration in the *Tyler* case, supra, and urge that under the forfeiture clause therein contained the present case is brought under it. However, the insured had until the maturity of the notes to pay the same, and as it is alleged that tender of payment was made, as well as the amount due as interest on the loans, the argument, in so far as the forfeiture provision in the notes is concerned, and if it be held that the notes were accepted to postpone payment, must fall.

It is contended by counsel for the defendant in error that under *Illinois Life Ins. Co.* v. *McKay*, 6 *Ga. App.* 285, 289 (64 S. E. 1131) ; *Plumer* v. *Continental Casualty Co.*, 12 *Ga. App.* 594 (77 S. E. 917), and *Metropolitan Life Ins. Co.* v. *Smith*, 48 *Ga. App.* 245 (172 S. E. 654), the mere failure to pay the premiums would require a holding that the policies would lapse. The headnote relied on in the last-named two cases is similar to that in the first-named case, and is as follows: "The punctual payment of insurance premiums, as and when due, is of the essence of the contract of insurance, and a failure to make such payment in strict compliance with the terms of the contract, in the absence of a waiver expressly made, or arising by reasonable implication, results in a forfeiture of the policy." Standing alone, the headnote might suggest that there is much merit in the contention of counsel. However, headnotes must be taken in connection with the opinion and the recitals of facts upon which the opinion is based, and upon an examination of each of the cited cases it will be found that the policy itself provided for a forfeiture. Consequently, it can not be said that in any of the cited cases the rule was broadened.

It is also urged by counsel for the defendant in error that the petition contains allegations which denote that somewhere in the

policy there was a provision as to forfeiture, and that it is practically admitted in one or more of the briefs of opposing counsel. Without setting forth such statements of the petition, it suffices to say that they have been closely examined, but we do not regard them as being such that they should yield to the objections urged by the demurrer. Some things said in the brief of counsel for the plaintiff in error border closely on an admission that the policy did provide for a forfeiture, but in considering the state of the pleadings as passed on by the trial judge we do not regard such statements in the brief as within the purview of the general demurrer. "Courts not only will not write a forfeiture provision into a policy of insurance, but where the intent of conditions or stipulations involving disabilities or forfeitures which have been inserted is doubtful, they will be construed against the party for whose benefit they were imposed, and forfeiture will, if reasonably possible, be avoided and the contract sustained, since the right to insist upon forfeitures which are in their nature penalties or pecuniary punishment is strictissimi juris, and the courts will not favor forfeitures by literal intendments and enlarged or technical judicial construction, nor will they declare forfeitures by implication, especially where the acts relied upon were induced by the conduct of the agent representing the insurer, as forfeitures are not favored in the law. In fact, the courts not only do not look for grounds of forfeiture, or indulge any presumptions in favor thereof, but will enforce one only when it appears that such was the intention of the parties as evidenced by plain language in the contract, and if by no reasonable construction can such result be avoided." 1 Couch's Cyclopedia of Insurance Law, 381, § 186. No provision for forfeiture being shown by the record, it must be held that the policy did not lapse on June 8, 1933, the last day of the grace period, but that it continued in force according to its terms. It having been alleged that before maturity of the notes a full tender of the amount of premiums and interest due, together with the interest on the loan, was made, that the insurance company declared the policy void and refused to make payment, and that thereby no proof of claim became necessary, the petition set forth a cause of action, and the court erred in sustaining the general demurrer. Moreover, assuming that the policy in fact contained a provision for forfeiture for non-payment of premiums,

whether or not the retention of the notes by the insurance company for fifty-two days after June 8, 1933, amounted to a waiver of forfeiture was a question for the jury.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*