29170. NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY *v.* LOCKETT.

DECIDED SEPTEMBER 27, 1941.

W. F. Buchanan, Truett Brookshear, for plaintiff in error.

C. D. Stewart, C. N. Davie, contra.

SUTTON, J. Mrs. Esther M. Lockett, as beneficiary, brought suit against National Life & Accident Insurance Company on a policy of insurance in the sum of $1000, issued to her deceased husband, Herbert A. Lockett, under date of June 18, 1931, to become effective on July 1, 1931; the petition alleging (par. 3) that the insured died on December 29, 1940, at which time "the said policy was in force, a subsisting obligation on the said defendant to plaintiff;" (par. 4) "that the plaintiff has duly complied with the requirements of the policy preliminary to the payment of the same

as required by its terms, but the defendant has failed and refused to pay said plaintiff the amount due her under said policy;" (par. 5) that the defendant has refused to pay the same, although she has made demand upon the defendant for the amount due her under the policy, which demand was made more than sixty days before the suit was brought. The petition also alleged that the defendant's refusal to pay was frivolous and unfounded and in bad faith, because of which the plaintiff also sought to recover $250, as damages, and attorney's fees.

The policy, a copy of which was attached to the petition, provided among other things that "This insurance is granted in consideration of the application herefor, a copy of which is hereto attached and made a part of this contract, and of the payment of premiums as follows: The first premium of one . . 90/100 dollars on delivery of this policy and further premiums of like amount due on the 1st day of August, 1931, and every calendar month thereafter, during the life of the insured, until premiums have been paid for twenty full years from the 1st day of July, 1931. After delivery of this policy to the insured during his lifetime and good health, it becomes effective as of the last-above mentioned date, which is the date of issue and the beginning of the first policy year hereunder." It also provided for due proof of death, to be forwarded to the home office of the company.

The defendant demurred to the petition on the grounds: (1) That no cause of action was set forth; (2) that the petition did not allege that the premiums had been paid according to the special provision of the policy so as to keep it in force; (3) that the allegation, "which was due and payable upon the death of said Herbert A. Lockett," and which was made in the policy, was a mere conclusion without sufficient facts alleged in support thereof; (4) that the allegation, "at which time the said policy was in force, a subsisting obligation on the said defendant to plaintiff," was a mere conclusion without any facts alleged as a basis therefor; (5) that the allegation in paragraph 4 as to compliance with all the requirements of the policy was vague and indefinite and insufficient to put the defendant on notice of what the plaintiff claimed, and was indefinite in not stating when the company refused to pay and as to what amount the plaintiff claimed to be due her; (6) that the allegation of paragraph 5 as to the plaintiff's demand for payment

and the defendant's refusal was vague and indefinite and a mere conclusion, and that it is not set out when the demand was made or the refusal made. The court overruled the demurrer, and the exception here is to that judgment.

■ The bill of exceptions in this case does not expressly designate the plaintiff in error or the defendant in error as such, but clearly states who were the parties to the proceeding and the disposition of the case in the trial court and the plaintiff in error in the bill of exceptions. A copy of the bill of exceptions was served on the "attorney for the defendant in error." In this court the National Life & Accident Insurance Company filed a motion to amend the bill of exceptions by designating itself as plaintiff in error and Mrs. Esther Mae Lockett as defendant in error. The "attorney for Mrs. Esther Mae Lockett, defendant in error," acknowledged in writing receipt of copy of the motion to amend and consented to the allowance of the amendment. The motion to amend by designating the respectively named parties as plaintiff in error and defendant in error is therefore granted. *Federal Deposit Insurance Corporation* v. *Thompson,* 54 *Ga. App.* 611 (188 S. E. 737); *Powell* v. *Young,* 56 *Ga. App.* 613, 614 (193 S. E. 358).

■. The plaintiff in error contends, in relying on its general demurrer, that the petition is defective in that it fails to allege that all of the due premiums had been paid by the insured or waived by the company. The plaintiff attached a copy of the insurance policy to the petition, and alleged that the plaintiff had "complied with the requirements of the policy preliminary to the payment of the same as required by its terms." The contention of the plaintiff in error is controlled adversely to it by *Guaranty Life Ins. Co.* v. *Johnson,* 60 *Ga. App.* 292, 293 (3 S. E. 2d, 773), in which this court had occasion to deal with a similar allegation and where it was held that the general demurrer in that case was without merit, the court saying: "The petition showed that the plaintiff was the beneficiary of the policy, that the insured had died, that the policy was in force at the time of his death, that the company failed and refused to pay to the plaintiff the sum of $255 as provided in the policy. The allegation that the plaintiff had duly complied with the requirements of the policy preliminary to payment was a sufficient allegation of such compliance since a copy of the policy was attached to and made a part of the petition." The plaintiff in

error recognizes the applicability of the *Johnson* case here, but avers that it is in conflict with and should yield to an older case, *Life Insurance Company of Virginia* v. *Proctor*, 18 *Ga. App.* 517 (2) (89 S. E. 1088), and we are requested to overrule or distinguish the *Johnson* case. In the *Proctor* case it was ruled: "The court erred in overruling the demurrer to the petition as amended, since the plaintiff failed to allege payment of premiums on the policy of insurance, which payment was a condition precedent to a recovery on the contract." We are also cited to *Metropolitan Life Ins. Co.* v. *Smith*, 48 *Ga. App.* 245 (172 S. E. 654), in which it was ruled: "The punctual payment of insurance premiums, as and when due, is of the essence of the contract of insurance, and a failure to make such payment in strict compliance with the terms of the contract, in the absence of a waiver expressly made, or arising by reasonable implication, results in a forfeiture of the policy."

While the headnote in the *Proctor* case, supra, does not specifically so state, the policy, as shown by the record, provided that it "shall be void if any premium shall not be paid according to the terms hereon." But the present policy is not one which contains a condition precedent or provides for a forfeiture in case of non-payment of a premium. It merely states that the company has granted insurance to the insured in consideration of specified premiums to be paid, and nowhere provides that a failure to pay any premium, as and when due, as in the *Proctor* case, supra, shall cause the policy to become void. On this subject it was said in *Lankford* v. *State Life Insurance Co.*, 57 *Ga. App.* 626, 633 (195 S. E. 907): "It is clear that the policies provided for payment of premiums in addition to the initial premium, but it is not shown by the record that in the absence of such payments the insurance policies would ipso facto lapse. On this subject it is stated by Mr. Couch in Vol. 3, Cyclopedia of Insurance Law, p. 1994, § 623: 'It is the general rule that in the case of life risks the mere non-payment of a premium when due will not of itself operate to effect a lapse or forfeiture, unless it is so agreed, or unless payment is made a condition precedent to the continuance of the contract.' In 32 C. J. 1300, § 530, it is stated: 'Failure or default in the payment of a premium, or of an assessment, or of a note given in conditional payment of a premium does not, in the absence of a contractual provision, avoid or forfeit a policy of insurance.' To the same ef-

fect see Haas v. Mutual Life Insurance Co., 84 Neb. 682 (121 N. W. 996, 26 L. R. A. (N. S.) 747, 19 Ann. Cas. 58), following which case in the annotated report are collected many authorities throughout the United States supporting the ruling made; and also see Friend v. Southern States Life Insurance Co., 58 Okla. 448 (160 Pac. 457, L. R. A. 1917B, 208). This general rule was also announced in *Arnold* v. *Empire Mutual Annuity &c. Insurance Co.*, 3 *Ga. App.* 685 (60 S. E. 470), and in the second headnote it was held: 'The power to forfeit an insurance policy must be "nominated in the bond."' In that case where a note had been given for the amount of a due premium, and which note provided for forfeiture of the policy if not paid at maturity, it was ruled that a lapse could not be declared under the mere provisions of the note, but that the forfeiture, to be effective, must be provided in the policy itself. In *State Life Insurance Co.* v. *Tyler*, 147 *Ga.* 287 (93 S. E. 415), the Supreme Court disapproved the ruling in the *Arnold* case that the forfeiture could not be availed of unless provided in the policy and held: 'A contract of life insurance, as expressed in the policy issued by a company to an individual may be supplemented by a subsequent contract between the parties, expressed in a promissory note given by the insured to the insurer for a premium on the policy and providing for a termination of all rights under the policy for non-payment of the note, although the policy contain no such provision.'" The *Tyler* case did not hold that a forfeiture need not be provided for in the contract, in order for it to become operative, but merely ruled that the contract, as expressed in the policy, may be supplemented by a subsequent contract between the parties, expressed in a promissory note providing for a forfeiture, and that the forfeiture could become operative by reason of the contract as supplemented. It did not have the effect of ruling that a forfeiture must not be expressly provided for.

Cases cited by the plaintiff in error in the present case were dealt with in the *Lankford* case as follows: "It is contended by counsel for the defendant in error that under *Illinois Life Insurance Co.* v. *McKay*, 6 *Ga. App.* 285, 289 (64 S. E. 1131); *Plumer* v. *Continental Casualty Co.*, 12 *Ga. App.* 594 (77 S. E. 917), and *Metropolitan Life Insurance Co.* v. *Smith*, 48 *Ga. App.* 245 (172 S. E. 654), the mere failure to pay the premiums would require a

holding that the policies would lapse. The headnote relied on in the last-named two cases is similar to that in the first-named case, and is as follows: 'The punctual payment of insurance premiums, as and when due, is of the essence of the contract of insurance, and a failure to make such payment in strict compliance with the terms of the contract, in the absence of a waiver expressly made, or arising by reasonable implication, results in a forfeiture of the policy.' Standing alone, the headnotes might suggest that there is much merit in the contention of counsel. However, headnotes must be taken in connection with the opinion and the recitals of facts upon which the opinion is based, and upon an examination of each of the cited cases it will be found that the policy itself provided for a forfeiture. Consequently, it can not be said that in any of the cited cases the rule was broadened."

It is thus shown that the cases relied upon by the plaintiff in error do not establish that the mere failure to pay insurance premiums, as and when due, works an avoidance of the policy, in the absence of a special provision in the contract of insurance, the true rule being, as shown in the *Lankford* case, supra, that to bring about a forfeiture the contract must affirmatively provide that the payment of premiums is a condition precedent to recovery, or as sometimes stated, upon the failure to pay a premium, as and when due, the policy will become void.

It is further urged by the plaintiff in error that the ruling in the *Johnson* case should be set aside for the reason that the person suing on the policy was the beneficiary, and not the insured whose duty it was to pay the premiums, and that the allegation that the beneficiary, the plaintiff, had complied with the requirements of the policy was insufficient because it should have been alleged that the insured himself had so complied during his lifetime. While it was not made to so appear in the statement of facts in that case, the policy contained a provision that it would become void in case of non-payment of any premium as and when due. The effect of this court's ruling was that, as a copy of the policy was attached to the petition, the allegation, that the plaintiff had complied with the requirements of the policy, was equivalent to alleging that, among other requirements, the premiums had been paid. It would not defeat the plaintiff's right to recovery merely because the premiums had been paid by the beneficiary, the wife, instead of the insured

himself. She, as his wife, had the right to pay the premiums on behalf of the insured, and if paid the policy continued in force. No reason is shown by the plaintiff in error why the *Johnson* case should be overruled, and the request to do so is denied.

As shown above, however, it is not necessary to invoke the ruling in the *Johnson* case, because the policy now under consideration does not contain a condition precedent or provide for any forfeiture for non-payment of premiums. Consequently, it was not necessary for the plaintiff to allege that the premiums had been paid. The allegation that the plaintiff had complied with the requirements of the policy included the allegation that proper proof of death had been made, and it was specifically alleged that demand for payment had been made and that the defendant had refused to pay. The petition set forth a cause of action, and the court did not err in overruling the general demurrer.

The grounds of the special demurrers set out in the foregoing statement of the case are without merit, and no further discussion is deemed necessary in view of what has already been stated.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., concurs in the judgment.*