### 30707. MITCHELL v. LIBERTY NATIONAL LIFE INSURANCE COMPANY.

DECIDED JUNE 23, 1945.

*C. H. Dalton,* for plaintiff.

*Hardin & McCamy,* for defendant.

MacIntyre, J. ■ The defendant filed a general demurrer to the petition on the ground that it does not set out a cause of action against the defendant, in that, "in the first place, while it is alleged in the petition that 'said policy is in full force and effect' it is nowhere alleged that all premiums have been paid. The statement to the effect that the policy was 'in full force and effect' is a mere conclusion. In order for a policy to be in force and effect it

is necessary that all premiums on the policy be paid, and an allegation to that effect is a necessary requisite." This court, in *National Life & Accident Insurance Co.* v. *Lockett*, 65 *Ga. App.* 866 (16 S. E. 2d, 776), in referring to the case of *Guaranty Life Insurance Co.* v. *Johnson*, 60 *Ga. App.* 292 (3 S. E. 2d, 773), said: "The effect of this court's ruling was that, as a copy of the policy was attached to the petition, the allegation, that the plaintiff had complied with the requirements of the policy, was equivalent to alleging that, among other requirements, the premiums had been paid." By parity of reasoning, when the petition in the instant case attached the policy as an exhibit and made it a part of the petition, and alleged that "the said policy is in full force and effect," the allegation that the policy "is in full force and effect" was equivalent to alleging, among other things, that the premiums had been paid. The defendant relied on *Life Insurance Company of Virginia* v. *Procter*, 18 *Ga. App.* 517 (89 S. E. 1088), as controlling on this ground. The *Lockett* case, supra, discussed the effect of the holdings in the *Procter* case, which holdings are different from and do not control what we are now holding. This ground of the demurrer is not meritorious.

■ The defendant next contends by his general demurrer that, "it was incumbent upon the plaintiff in this case to allege that her disability was caused by bodily injury, that is, accidental injury, and not by disease. The plaintiff in this case must not only allege disability but must connect that disability with a bodily injury." There is no merit in this contention that the "bodily injury" is in no way connected with the "accidental slipping" which allegedly caused the injury complained of. The words "accidentally slipped," as used in the petition, imply the happening by chance of an undesigned and involuntary event which, in this case, it is alleged, resulted in a bodily injury, and which, we think, brings the event within the terms of the policy. *Richards* v. *Travelers' Ins. Co.*, 18 S. D. 287 (100 N. W. 428, 67 L. R. A. 175). It might be noted that there is nothing in the petition which implies that disease played any part in the injury or the disability, and no question has as yet arisen as to whether disease, if any, was the proximate cause of the permanent disability, if any. 5 Couch's Cyclopedia of Insurance Law, 4005, § 1142; *Hall* v. *General Accident Assurance Corp.*, 16 *Ga. App.* 66 (85 S. E. 600). The im-

portant questions at this stage of the case (when the general demurrer is being considered) are, the allegation as to what caused the disability, if any, and whether the disability was covered by the policy, and not what did not cause the disability. Having alleged affirmatively what did cause the disability, the plaintiff did not have to allege negatively what did not cause the disability. If the disability was caused by disease, and this was a proper defense, the defendant may so show. We do not think this contention of the defendant is meritorious, and the judge erred in sustaining the general demurrer to the petition.

*Judgment reversed.* *Broyles, C. J., and Gardner, J., concur.*