31594. SIMS *v.* PENN MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA.

PARKER, J. 1. Where a copy of the insurance policy is attached to and made part of the petition, and the petition alleges that, "at the time of the death of said insured the policy was in force in accordance with its terms," and "in accordance with the law," such allegations are equivalent to alleging, among other things, that all premiums required to keep the policy in force had been paid; and such petition was not subject to a general demurrer. *Guaranty Life Ins. Co.* v. *Johnson,* 60 *Ga. App.* 292 (3 S. E. 2d, 773); *National Life & Accident Ins. Co.* v. *Lockett,* 65 *Ga. App.* 866 (16 S. E. 2d, 776); *Mitchell* v. *Liberty Nat. Life Ins. Co.,* 72 *Ga. App.* 600 (34 S. E. 2d, 583).

2. Where the plaintiff amended the petition by alleging that all premiums required had been paid except a quarterly premium which was due on October 11, before the death of the insured on December 20, 1939, and that, upon the failure of the insured to pay such premium, the policy was transposed under its provisions into term insurance, with an accumulated net value of $2.87 available for the payment of premiums on said term insurance, and that the net value of $2.87 extended the life of the policy as term insurance under its terms to a time beyond the date of the death of the insured, and that the policy was in full force, for these reasons, upon the death of the insured, the petition as amended was not subject to general demurrer, and the court erred in sustaining such a demurrer and in dismissing the petition. Code, § 81-105; *Woodmen of the World* v. *Keen,* 16 *Ga. App.* 703, 705 (86 S. E. 88); *Lankford* v. *State Life Ins. Co.,* 57 *Ga. App.* 626, 632 (195 S. E. 907); *Life & Casualty Co. of Tenn.* v. *Gaines,* 59 *Ga. App.* 545 (2 S. E. 2d, 153); *Penn Tobacco Co.* v. *Leman & Co.,* 109 *Ga.* 428 (3) (34 S. E. 679); *Lynah* v. *Citizens & Southern Bank,* 136 *Ga.* 344 (71 S. E. 470); *Dotson* v. *Savannah Pure Food Canning Co.,* 140 *Ga.* 161 (78 S. E. 801); *Riley* v. *Royal Arcanum,* 140 *Ga.* 178 (78 S. E. 803). It is not necessary to consider the special demurrers to the amended petition, as they were not passed upon by the trial court.

3. The preceding rulings control, even though the allegations of the amended petition, to the effect that the company had accepted quarterly premiums under the policy a number of times after they were due and payable, were not sufficient to excuse the failure to pay the last quar-

388

terly premium, which was due on October 11, and had not been paid or tendered when the insured died on December 20.

*Judgment reversed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*

DECIDED JUNE 18, 1947. REHEARING DENIED JULY 11, 1947.

*Gilbert E. Johnson,* for plaintiff.
*Johnson & Corish,* for defendant.