38727, 38728.   PILOT LIFE INSURANCE COMPANY
v. McCRARY, Executor; and *vice versa.*

DECIDED APRIL 5, 1961—REHEARING DENIED APRIL 24, 1961.

*Hull, Willingham, Towill & Norman, Walter A. Reiser, Jr.,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, William C. Reed,* contra.

NICHOLS, Judge. The contract of insurance contained the following provisions: "This policy and the application of the policyholder, which is made a part hereof, shall constitute the entire contract between the parties.   The validity of this policy shall not be contested, except for nonpayment of premiums, after it has been in force for one year from its date of issue; no statement made by any person insured under the policy relating

to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of one (1) year during such person's lifetime nor unless it is contained in a written instrument signed by him. A copy of the application, if any, of the policyholder shall be attached to the policy when issued. All statements made by the policyholder or by the persons insured shall be deemed representations and not warranties, and no statement made by any person insured shall be used in any contest unless a copy of the instrument containing the statement is or has been furnished to such person or to his beneficiary. If the age of any person insured hereunder has been misstated, there shall be an equitable adjustment of the premiums between the company and the policyholder. The basis for such adjustment shall be a recomputation of the premium, using for such recomputation the correct age of the person whose age has been misstated and the amount of insurance to which he was properly entitled under the plan of insurance set forth herein. If such misstatement has caused the person to be insured for an amount other than that provided in the provisions hereof entitled 'Amount of Insurance' for his correct age, there shall be an adjustment of the amount of his insurance to that determined by his correct age in accordance with the provisions entitled 'Amount of Insurance' and such amount shall be used in the adjustment of premiums.'' The application of the employer, referred to in the contract as the policyholder, was set forth as an exhibit to the petition and was introduced in evidence and nowhere contained any representation as to the age of any employee (insured).

Under the decision of this court in *Cason v. Aetna Life Ins. Co.*, 91 Ga. App. 323 (85 S. E. 2d 568), and cases there cited the policyholder (employer) was the agent of the insurance company and the knowledge of the employer as to the deceased's employment status was the knowledge of the insurance company. And the fact that the deceased had not been a full-time employee of the policyholder during any period since the policy was in effect, 1953 to 1959, was not a valid defense. Nor was the alleged misstated age any defense since the contract specifically

provided that if the age of the employee was misstated the premiums would be recomputed between the policyholder (employer), and the insurance company. The second proviso of the policy dealing with misstated ages is not applicable to the present case or the policy of insurance since the provision of the policy "Amount of Insurance" makes no reference to different amounts of insurance for different age groups.

The original answer of the defendant admitted that all premiums were paid, and the amendment to the answer which sought to strike such admission and add thereto an allegation that premiums were not paid because the age of the deceased was misstated was properly stricken on motion in the nature of a general demurrer. The premiums based on the stated age were admittedly paid, and if the recomputation of such premiums was necessary because the age had been misstated, this was a matter between the insurance company and the policyholder (the employer).

The judgments of the trial court striking the amendment to the answer and refusing to admit evidence dealing with such questions was not error. This ruling disposes of special grounds numbered 4, 5, 8 and 9 of the amended motion for new trial.

2. Special ground 6 complains that the trial court erred in refusing to permit counsel for the plaintiff to argue to the jury with reference to a judgment of the trial court on the pleadings, and special ground 7 complains that the trial court erred in refusing to admit evidence offered as to such judgment.

Neither the plaintiff nor the defendant cites any case on this point. The defendant cites cases dealing with the right of an insurance company to refuse to pay a claim on a policy when the questions of law involved are close, and contends that it had a right to submit the court's ruling to the jury, in its arguments and in its evidence, to show that such questions were close questions of law in an effort to convince the jury that the refusal to pay the plaintiff's claim was not in bad faith.

Such contention is without merit, for to permit a party to introduce in evidence its own pleadings which have been stricken on demurrer—and that would have been the effect if the defendant had prevailed on this question—would result in per-

mitting a party litigant to plead a self-serving declaration and then prove it by the pleadings. See also on this issue 53 Am. Jur. 394, Trials, § 489.

3. Special ground 10 complains of an excerpt from the charge wherein the defendant contends that the jury was instructed to find for the plaintiff in the amount of the policy plus interest or for the plaintiff in the amount of the policy plus interest plus attorney's fees and damages, and in special ground 11 the defendant contends the trial court, in effect, directed a verdict for attorney's fees.

Neither of these grounds is meritorious. In view of the holding in the first division of the opinion, the defendant was liable for the face amount of the policy, and under the evidence adduced on the trial, the jury was bound to find that the defendant was liable for the face amount of the policy and the forms of the verdict given the jury were the only verdicts authorized. The charge with reference to the attorney's fees, when considered in its context with the remaining portions of the charge, did not have the effect, as contended by the defendant, of directing a verdict for the plaintiff on such issue.

The trial court did not err in sustaining the plaintiff's motion to strike the amendment to the defendant's answer or thereafter in overruling the defendant's amended motion for new trial. Inasmuch as the judgments complained of in the main bill of exceptions are being affirmed, the cross-bill of exceptions is dismissed.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. Felton, C. J., and Bell, J., concur.*