40189, 40190. PIEDMONT SOUTHERN LIFE INSURANCE COMPANY v. GUNTER et al.; and vice versa.

DECIDED JULY 8, 1963—REHEARING DENIED JULY 24, 1963.

*Wiggins & Smith, Kimzey & Crawford, Linton K. Crawford, M. J. Simmons,* for plaintiff in error.

*Oliver, Oliver & Gunter, Jack N. Gunter,* contra.

HALL, Judge. ■ In support of its motion for judgment notwithstanding the verdict and the general grounds of its motion for new trial, the defendant contends that the evidence showed conclusively that the plaintiff wife in procuring coverage by the group policy knowingly concealed material facts of her husband's medical history, which concealment amounted in law to actual fraud, that the other elements of defense of fraud were proved, and therefore a verdict for the defendant was demanded. The Georgia courts have held that an employer who obtains a group insurance policy covering its employees is the agent of the insurance company for every purpose necessary to make effective the group policy, and that the insurance company has imputed to it knowledge of facts which the employer knows. *Cason v. Aetna Life Ins. Co.,* 91 Ga. App. 323 (85 SE2d 568) ; *Pilot Life Ins. Co. v. McCrary,* 103 Ga. App. 549 (120 SE2d 134) ; Washington Nat. Ins. Co. v. Burch, 293 F2d 365 (5th Cir.).

In this case the master policyholder was the Georgia Association of Finance & Loan Companies of which the plaintiff wife's employer, Habersham Discount Company, was a member. The employer's comptroller testified that it was a part of his duties to approach new employees and recommend their coverage under the group policy, and to give advice in answering the questions on the evidence of insurability form; and that he did this in the case of the plaintiff employee. His testimony was sufficient to support a finding that he knew the employee's husband had been treated for a gastric ulcer and that he advised her to fill out the form as she did without mentioning it.

The defendant argues that the cases cited above are not applicable because in them it was the knowledge of an employer who was the master policyholder that was imputed to the insurance company; whereas in the present case, the plaintiff's employer not being a master policyholder, its knowledge should not be imputed to the insurer. We see no difference in principle and reason between this case, where the employer was a member company in the association which was the named insured in the master policy, and the cases in which the employer itself was the named insured in the master policy. The comptroller of the member company of the master policyholder should accordingly be regarded as the agent of the master policyholder in performing his duties with respect to extending coverage under the policy. See Clauson v. Prudential Ins. Co. of America, 195 F Supp. 72 (D.C.D. Mass.); Mutual Bank & Trust Co. v. Shaffner, (Mo.) 248 SW2d 585; Neider v. Continental Assurance Co., 213 La. 621 (35 S2d 237, 2 ALR2d 846). "Where the insurer seeks to defeat a policy by reason of its fraudulent procurement through false and fraudulent statements made in an unattached application for the insurance, and where the plaintiff suing on the policy shows that the agent of the insurer was aware of, or was informed by the insured as to, his true condition, . . . the insurer would be estopped from setting up as a defense that the insured was not in good health at the time the policy was issued, on account of the knowledge to the contrary then had by the agent; so in the instant case the company could not be permitted to set up that it was deceived on account of the false and fraudu-

lent statements of the insured, when its agent was made fully aware of his true condition." *Metropolitan Life Ins. Co. v. Bugg,* 48 Ga. App. 363, 364 (172 SE 829) ; *Firemen's Fund Ins. Co. v. Standridge,* 103 Ga. App. 442, 448 (119 SE2d 585).

The defendant contends also that since the new Georgia Insurance Code became effective January 1, 1961, the master policyholder's representative can no longer be held to be an agent of the insurer. This statute, *Code Ann.* § 56-801a, defines the term "agent" and provides, ". . . under a group insurance plan, a person who serves the master policyholder of group insurance in administering the details of such insurance for the employees or debtors of such person, or of a firm or corporation by which he is employed, and who does not receive insurance commissions for such services, shall not be deemed to be an agent: . . ." This Code section is a part of Ch. 56-8a of the new Georgia Insurance Code, which deals with the necessity for licensing of insurance agents. The effect of this provision is that a person who serves the master policyholder in administering the details of group insurance is exempted from the licensing requirements of the chapter. It does not effect a change in the law established by the cases discussed above.

The defendant's contention, that the plaintiff's failure to introduce the master policy in evidence was fatal to the verdict, is without merit, since in its answer the defendant admitted the group policy. The evidence did not demand a verdict for the defendant on its defense of fraud and was sufficient to support the verdict for the plaintiff. The trial court, therefore, did not err in overruling the defendant's motion for judgment n.o.v. and the general grounds of the motion for new trial.

With respect to the award of attorney's fees, the defendant relies on *Occidental Life Ins. Co. v. Templeton,* 107 Ga. App. 322, 326 (130 SE2d 168), which held: "The verdict which expressly stated that no penalty was found against the defendant nullified the award of attorney's fees." The verdict in the present case, however, was: "We the jury find in favor of the plaintiff in the amt. of $420.00 plus $250.00 attorney fees." *Continental Aid Assn. v. Hand,* 22 Ga. App. 726 (97 SE 206), held that where the evidence was sufficient to authorize a finding of

bad faith, the fact that the jury did not award the 25 percent damages allowed by statute would not prevent the recovery of attorney's fees. The *Continental* case rather than the *Occidental* case, supra, is controlling in the present case.

■ The defendant assigns error on the allowance of the intervention of Dr. Earl Lewis and the Macon Hospital as parties plaintiff. In support of their petition for intervention, the intervenors offered as evidence purported assignments attached to forms filled in and signed by the physician and the hospital, informing the insurer of services furnished to the plaintiff husband. They are signed by the plaintiff wife and read as follows: "Assignment of insurance benefits: I hereby authorize payment directly to the above named surgeon [or hospital] of the Group Surgical [or hospital] Benefits herein specified and otherwise payable to me but not to exceed the charge stated above [or the hospital's regular charges]. I understand I am financially responsible to the surgeon [or hospital] for charges not covered by this assignment."

The defendant objected to the intervention at the trial on the ground that these writings gave the intervenors no right upon which an intervention could be based. This objection was valid. Though the word "assignment" is used, the writings "disclosed no intention on the part of the plaintiff to sell or assign the indebtedness, and none on the part of the alleged assignee to purchase the same; and, hence, the evidence failed to show any legal or equitable assignment of the claim in controversy." *Didschuneit v. Enochs Lumber &c. Co.*, 42 Ga. App. 527 (156 SE 720); accord *Burke v. Steel*, 40 Ga. 217. ". . . A mere communication to the holder of the fund (the obligor), containing no words of present assignment and merely authorizing and directing him to pay to a third party, may properly bear the interpretation that it is a mere power of attorney to the obligor himself, empowering him to effectuate a transfer by his own subsequent act." 4 Corbin on Contracts 425, § 862.

The defendant argues in its brief that the erroneous allowance of the intervention confused the issues in the case to the prejudice of the defendant, in that the original plaintiffs sued upon one cause of action and the intervenors' alleged rights embraced

several causes of action, hence the action as tried was multifarious and had a misjoinder of parties. The record shows that this objection was not raised at the trial in opposition to the intervention, and it will therefore not be considered by this court.

Though allowance of the intervention was error, this error affects the verdict and judgment only insofar as they were awarded in favor of the intervenors, and does not invalidate the verdict in favor of the original plaintiffs.

■ Special ground 5 of the motion for new trial assigns error on a charge to the jury on the plaintiffs' right to recover penalty and attorney's fees if the jury found the defendant acted in bad faith in refusing to pay the plaintiffs' claim. The Georgia Supreme Court has recently held: "It has also long been established as the rule that the complete failure of the insurer to prove any defense to an action on the policy is evidence of the bad faith contemplated by *Code* § 56-706, and subjects the insurer to a verdict for the statutory penalty and attorney's fees . . . This is especially true where the insurer does not prove that reasonable investigation of the insured's claim was made within the sixty-day period after demand for payment, in terms of the statute, has been made." *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206, 213 (121 SE2d 649). ". . . The expense necessary to collect the policy should be paid by the company, unless it establishes some good reason for an apparently frivolous refusal to pay promptly. In other words, the burden of proof, where unusual and unnecessary delay is shown, should be upon the company, to give reason for the delay; or, after the delay is shown, it will be presumed to be vexatious, as in this case, or in bad faith, if under our Georgia statute." *Missouri Ins. Co. v. Lovelace,* 1 Ga. App. 446, 466 (58 SE 93); *Georgia Life Ins. Co. v. McCranie,* 12 Ga. App. 855 (78 SE 1115). See also *Cotton States Life Ins. Co. v. Edwards,* 74 Ga. 220, 230; *Southern Surety Co. of New York v. Fortson,* 46 Ga. App. 265, 266 (167 SE 335); *Palatine Ins. Co., Ltd. v. Gilleland,* 79 Ga. App. 18, 23 (52 SE2d 537). ("Burden of proof" is used above in the sense of "risk of non-persuasion." See *Complete Auto Transit v. Baggett,* 107 Ga. App. 415, 416 (130 SE2d 271)). The evidence in this case was that the proofs of loss were submitted to the insurer on March 9,

1962; that the insurer thereafter raised a question and asked the employer's representative for information relating to the plaintiff husband's medical condition; that the husband wrote a letter to the insurer on May 10, 1962, identifying the claim and stating in part: "We have received no notice of disallowance, nor has the claim been paid. This is to notify you of my intention to file suit for recovery of this loss unless immediate settlement is forthcoming." The plaintiffs filed suit on the claim on May 29, 1962, which they dismissed on August 1, 1962, and filed the present suit on August 6, 1962. The insurer did not offer any proof that reasonable investigation of the insured's claim was made after the demand for payment. Under the authorities cited above, the evidence authorized the court's charge on the right to recover penalty and attorney's fees.

Our holdings in other divisions of the opinion dispose of the issues raised in the first four grounds of the defendant's motion for new trial. The trial court's overruling of the special grounds of the motion for new trial was not reversible error.

4. In support of its assignment of error on the overruling of its demurrer to the plaintiff's petition, the defendant argues that the plaintiffs are precluded from recovering attorney's fees, for this reason: The plaintiffs filed and subsequently dismissed a suit on the same cause of action, but claiming a larger sum for surgical and hospital expenses, before sixty days after demand for payment of their claim had expired, and consequently before they could have enforced a claim for attorney's fees; the dismissal of the first suit and the filing of the second prejudiced a substantial right of the defendant to defend the plaintiff's action for damages and attorney's fees on the ground that it was prematurely filed. This contention is without merit. A plaintiff has a right to dismiss his petition "if he shall not thereby prejudice any right of the defendant." *Code* § 3-510. These plaintiffs' filing and dismissal of the first suit did not prejudice the defendant's opportunity to pay the claim without attorney's fees in accordance with the purpose of the statutory requirement that the plaintiff make demand sixty days before filing suit. The defendant argues, citing *General Accident &c. Corp. v. Fountain*, 100 Ga. App. 802, 806, 807 (112 SE2d 630), that the plaintiff

husband's letter to the insurer (see Division 3, supra) was insufficient to constitute a demand. This letter was written sixty days after proofs of loss were submitted to the insurer and sixty days before this suit was filed. It was a sufficient demand. *Hull v. Alabama Gold Life Ins. Co.*, 79 Ga. 93 (3 SE 903); *Adams v. Washington Fid. Nat. Ins. Co.*, 48 Ga. App. 753, 754 (173 SE 247).

5. The defendant assigns error on the trial court's allowance of the amendment to the plaintiff's petition, filed during the trial and after the intervention, increasing the amount prayed for as attorney's fees from $250 to $750. The ground for this assignment is that the petition originally alleged that $250 was a reasonable amount for a fee for the attorney's services, and that this amendment to the prayer was not allowable in view of this allegation of the petition. This assignment is without merit for the reasons that the plaintiff introduced evidence that the reasonable value of the attorney's fees was $750; there was no objection at the trial and no assignment of error on the admission of this evidence; the jury awarded $250 as attorney's fees; and the allowance of the amendment apparently did not harm the defendant.

On the main bill of exceptions the judgment is affirmed as to the original plaintiffs and the judgment is reversed as to the parties made plaintiff by intervention; and it is not necessary to consider the cross bill of exceptions.

*Judgment affirmed in part; reversed in part. Carlisle, P. J., and Bell, J., concur.*